THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES JERRICK, Defendant-Appellant.

First District (4th Division)   No. 77-1222

Opinion filed July 20, 1978.

Ralph Ruebner and Andrew Berman, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Rimas F. Cernius, and Thomas V. Gainer, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

At the conclusion of a jury trial in the circuit court of Cook County, defendant, Charles Jerrick, was found guilty of attempted robbery (Ill. Rev. Stat. 1977, ch. 38, pars. 8—4, 18—1). The trial court invoked the extended term provision of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—2) and sentenced the defendant to a term of 3 1/3 years to 20 years imprisonment.

On appeal, defendant contends that the sentence imposed must be vacated and the cause remanded for resentencing due to the trial court's failure to comply with the examination and report requirement in the extended term provision of the Unified Code (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—2).

We agree. Accordingly, we vacate the sentence imposed and remand this cause for a new sentencing hearing:

The pertinent facts disclose that at the conclusion of trial, the jury deliberated and found the defendant guilty of attempted robbery. The trial judge ordered that a written presentence investigation report be

prepared (Ill. Rev. Stat. 1977, ch. 38, par. 1005—3—1) and continued the matter for a later sentencing hearing.

When the court reconvened, the State requested that the defendant be sentenced under the extended term provision of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—2). Defense counsel pointed out that section 5—8—2(b) specifically provides that before a defendant is sentenced under the extended term statute, he first must be committed to the Department of Corrections for diagnostic examination. The trial judge responded that he had read the presentence investigation report and also found: (1) that the defendant had inflicted serious bodily injury on the victim of the attempted robbery; and (2) that the defendant presented a continuing risk to the public safety. The trial judge then stated:

> "THE COURT: Now, counsel, * * * I can see no purpose whatsoever of having any agency report on anything along these lines when I have made the findings that I have made. That is the way I read it. It makes no sense to me as it now reads, and I wouldn't know what the jail could possibly report to me.
>
> Would you suggest what they might report to me if I sent him there for sixty days, what would I expect or what could I expect?
>
> MR. KUNZ: Your Honor, I am not sure of that. I don't know whether the department has, in fact, certified to the Court that it is prepared even to make the examination which, in my reading of the statute, is required prior to any imposition of sentence under this statute.
>
> If your Honor reads the statute differently, I must, of course, defer to your reading.
>
> THE COURT: I can see no purpose in that section for this particular case."

The trial judge sentenced the defendant to a term of 3 1/3 years to 20 years imprisonment. The 20-year maximum is double the standard 10-year maximum sentence for attempted robbery, a Class 3 felony (Ill. Rev. Stat. 1977, ch. 38, pars. 8—4(c)(3), 1005—8—1(b)(4)). This appeal followed.

OPINION

The defendant does not claim that the trial court erred in invoking the extended term provision of the Unified Code of Corrections when sentencing him for his attempted robbery conviction. Rather, the defendant contends that he should not have been sentenced under the extended term provision until he had first been committed to the Department of Corrections for examination followed by a report to the court. We agree.

In certain cases a trial judge may invoke the extended term provision of the Unified Code of Corrections in sentencing an individual convicted of a felony. The extended term provision states in relevant part:

"(a) The court may sentence a defendant who is 17 years of age or older and convicted of a felony in which he inflicted or attempted to inflict serious bodily injury to another, * * * to a term not to exceed twice the maximum sentence that could be imposed * * *, if the court finds the defendant presents a continuing risk of physical harm to the public, and that such a period of confined correctional treatment or custody is required for the protection of the public.

(b) A sentence under this Section *shall not be imposed unless* the defendant has been committed for examination and report before sentencing under Section 5—3—3." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—2.)

The Council Commentary relating to the statutory background explains that this section "*requires* a prior examination of the defendant under section 1005—3—3 by a court clinic or the Department of Corrections." (Emphasis added.) Ill. Ann. Stat., ch. 38, par. 1005—8—2, Council Commentary, at 481 (Smith-Hurd 1973).

Section 5—3—3 provides that the examination shall "inquire into such matters as [defendant's] previous delinquency or criminal experience, his social background, his capabilities and his mental, emotional and physical health and the rehabilitative resources of programs adaptable to his needs and any other matters that the court directs." (Ill. Rev. Stat. 1977, ch. 38, par. 1005—3—3.) The Council Commentary to section 5—3—3 also explains that "[t]he court *must* make such a commitment where it intends to invoke its powers to set an extended term of imprisonment under section 1005—8—2." (Emphasis added.) Ill. Ann. Stat., ch. 38, par. 1005—3—3, Council Commentary, at 269 (Smith-Hurd 1973).

The court in *People v. Haak* (1975), 25 Ill. App. 3d 105, 323 N.E.2d 145, faced the identical contention raised by the defendant in this case. In interpreting section 5—8—2, it held:

"[C]ommitment for diagnostic study is a condition precedent to sentencing under the extended term provision and * * * failure to follow such procedure requires the sentence to be vacated and the cause remanded for resentencing." *People v. Haak* (1975), 25 Ill. App. 3d 105, 109, 323 N.E.2d 145, 148.

Nevertheless, the State maintains that the trial judge's consideration of the presentence report, which, unless waived, is prepared in all cases of felony conviction, obviated the necessity here, of committing the defendant to the Department of Corrections for further examination

before sentencing him under the extended term provision. We can not agree.

The presentence report required by section 5—3—1 (Ill. Rev. Stat. 1977, ch. 38, par. 1005—3—1) and the diagnostic study required by section 5—8—2 (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—2) are not co-extensive. We note that in contrast to the diagnostic study, the presentence report does not include a physical and mental examination unless specifically requested by the trial judge. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—3—2(b).) Further, the presentence report and the diagnostic study are not prepared by the same agency. It may well be that the available resources for preparing the diagnostic study are more extensive than those utilized in compiling the presentence report. In any event, the legislative direction is clear and unambiguous in providing that a convicted felon must be committed to the Department of Corrections for examination and evaluation before he is sentenced under the extended term provision. If the State wishes to have the trial court sentence the defendant under section 5—8—2, the terms of that section must necessarily be met.

The defendant has requested that we remand this cause to a different trial judge for resentencing. We see no necessity to do so. The trial judge below refused to commit the defendant to the Department of Corrections for diagnostic examination because he did not believe any additional information would be forthcoming which he did not already possess. The trial judge has not indicated, however, any inability to consider such additional information that may be available with an open and dispassionate mind. We agree with the State that this cause should be remanded to the judge who presided at the trial below as he is in the best position to impose a sentence consistent with the protection of the public, the gravity of the crime, and the rehabilitative needs of the defendant.

Accordingly, for the reasons set forth, we vacate the sentence imposed and remand this cause to the trial court below with directions that defendant be granted a new sentencing hearing in accordance with the extended term provision of the Unified Code of Corrections.

Sentence vacated and cause remanded with directions.

JOHNSON, P. J., and ROMITI, J., concur.