THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MYRON B. STRAIT, Defendant-Appellant.

Second District   No. 81—728

Opinion filed July 7, 1983.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Frank J. Giampoli, of Geneva, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

After a bench trial, defendant, Myron B. Strait, a 34-year-old male, was convicted and sentenced for the offense of rape (Ill. Rev. Stat. 1979, ch. 38, par. 11—1) of his six-year-old stepdaughter. The court also found defendant guilty of indecent liberties with a child (Ill. Rev. Stat. 1979, ch. 38, par. 11—4(b)) but did not enter a judgment of conviction on that finding. Defendant appeals.

I

Defendant first contends that the convictions for rape and indecent liberties with a child must be reversed because the critical issues of penetration and identification were not proven beyond a reasonable doubt.

We first note that the trial court did not enter a judgment of conviction on its finding that defendant was guilty of indecent liberties with a child. Therefore, no issue with reference to the offense of indecent liberties is properly before us on appeal.

There was clear and convincing testimony by the victim's eight-year-old brother that established that their stepfather, after giving wine to both children, inserted his penis into the vagina of his six-year-old stepdaughter. While defendant contends that the brother's testimony was impeached, an examination of the record does not bear out this contention. In addition, the evidence disclosed considerable bleeding on the part of the victim and established a laceration in her vagina, which was sufficiently serious to cause her doctors to have her transferred to Children's Hospital in Chicago for repair surgery. Tests taken at the hospital disclosed the blood alcohol content of the six-year-old victim to be 257 milligrams per deciliter.

The credibility of the witnesses and the weight to be given their testimony rest with the trial judge (*People v. Brownson* (1982), 103 Ill. App. 3d 476, 480, citing *People v. Akis* (1976), 63 Ill. 2d 296). This court will not reverse the finding of the trial judge unless the ev-

idence is so unsatisfactory, unreasonable, or improbable as to create a reasonable doubt of defendant's guilt. (*People v. Edmond* (1979), 76 Ill. App. 3d 540, 545, citing *People v. Reaves* (1962), 24 Ill. 2d 380.) The evidence substantiates the judgment of the trial court on both issues of penetration and identification.

## II

Defendant also contends that there was insufficient evidence of force to establish the offense of rape.

■ *People v. Riley* (1967), 84 Ill. App. 2d 296, is dispositive of this issue. Force is inherent in any act of intercourse with a six-year-old girl and a child of that age is conclusively presumed to be unable to legally consent to an act of carnal knowledge. 84 Ill. App. 2d 296, 300.

Defendant contends that *Riley* is in direct conflict with *People v. Mueller* (1973), 54 Ill. 2d 189, where our supreme court reversed a conviction for deviate sexual assault upon a seven-year-old girl holding that proof of actual force or threat of force was required. The *Mueller* decision was based upon language of section 11—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1967, ch. 38, par. 11—3(a)), which contains the requirement "by force or threat of force." In reaching its conclusion, the supreme court in *Mueller* relied heavily upon the committee's comments accompanying that section and which were particularly applicable to that section.

That decision has no application to the offense of rape, section 11—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 11—1). That statute defines rape and states that "(a) *** Intercourse by force and against her will includes, but is not limited to, any intercourse which occurs in the following situations: (1) Where the female is unconscious; or (2) Where the female is so mentally deranged or deficient that she cannot give consent to intercourse." It is frivolous to suggest that a child of six, particularly with a blood alcohol content of 257 milligrams per deciliter, is not so mentally deficient that she cannot consent to intercourse.

## III

■ Defendant's next contention is that the trial court abused its discretion in sentencing the defendant when it considered as evidence in aggravation numerous improper entries in the presentence report.

There is no merit to this contention. A review of the record discloses that, prior to the commencement of the sentencing hearing, the trial court gave both the State and defendant the opportunity to make

any motions concerning corrections or additions to the presentence report. Defense counsel did 'make some minor suggestions for changes which the court made. The court also agreed with defense counsel that it would not in any way consider any reference to the criminal record of the brother shown in the report. Defense counsel otherwise suggested that he had no major changes in the report and that any minor discrepancies would be clarified by testimony. Since defendant had an opportunity to make corrections in the presentence report and failed to do so, defendant cannot raise the issue of improper entries in the presentence report for the first time on appeal. *People v. Horstman* (1981), 103 Ill. App. 3d 17, 23, citing *People v. Meeks* (1980), 81 Ill. 2d 524.

■ Further, our examination of the suggested improprieties discloses that they are minor in nature and there is no showing whatsoever that the sentence of the trial judge was in any way based on such evidence. Absent any indication that incompetent evidence was actually considered in sentencing defendant, it must be presumed that the court disregarded it unless the record discloses evidence to the contrary. *People v. Mosley* (1980), 87 Ill. App. 3d 903, 905.

## IV

■ Defendant's fourth argument is that the court should remand this cause for resentencing without application of the extended-term provision under section 5—5—3.2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)). Defendant contends that before the court can impose an extended-term sentence the court must commit defendant to an agency for diagnostic study of his physical and mental condition. Defendant cites *People v. Jerrick* (1978), 62 Ill. App. 3d 914, to support this proposition. *Jerrick* is inapplicable as that decision interprets a requirement of section 5—8—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—2) prior to the amendment of that section by Public Act 80—1099. The amendment was effective February 1, 1978, and omitted the mandatory requirement for a diagnostic examination. Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2.

■ Further, at the sentencing hearing in this case, the judge made the following finding: "I will make the specific finding that this offense was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty. I will sentence this defendant to 60 years in the Department of Corrections." Having made this finding, the trial judge was empowered to impose an extended-term sentence. (*People v. Lenninger* (1980), 88 Ill. App. 3d 801, 806-07.) The record

supports the judge's finding that this offense was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty and that an extended term could be imposed by the trial judge.

## V

Defendant's final argument is that the trial court abused its discretion in sentencing the defendant to 60 years' imprisonment and asks the court to reduce the sentence to a minimum term authorized by law.

Supreme Court Rule 615(b)(4) (87 Ill. 2d R. 615(b)(4)) grants this court the power to reduce a sentence imposed by the trial court. However, it is firmly established that the imposition of a sentence is a matter of judicial discretion and that, absent any abuse of that discretion, the sentence of the trial court may not be altered upon review. (*People v. Cox* (1980), 82 Ill. 2d 268, 281; *People v. Perruquet* (1977), 68 Ill. 2d 149, 153.) Moreover, the imposition of an extended-term sentence is likewise a matter of judicial discretion. *People v. Darnell* (1981), 94 Ill. App. 3d 830, 836.

In this case, there was not an abuse of discretion. At the sentencing hearing, the court found no mitigating factors. In aggravation, the court found that defendant's criminal conduct caused serious physical harm and that he knew or should have known that such harm would be the result of his acts. The court also found that the imposition of such a sentence was necessary to deter others from the same crime.

Defendant cites *People v. Nelson* (1970), 127 Ill. App. 2d 238, and *People v. Clark* (1977), 50 Ill. App. 3d 768, for the proposition that this court should reduce the sentence in order to conform to the constitutional mandate that the sentence be commensurate with the nature of the offense. However, in both of those cases, no serious injury was sustained by the victims. In evaluating the brutality and heinousness of an offense, the entire spectrum of facts surrounding the given incident must be analyzed and evaluated. (*People v. Grady* (1982), 107 Ill. App. 3d 970, 977.) In this case, the child was severely injured. Further, before imposing his sentence, the trial judge noted the intoxication of the six-year-old victim and found the conduct of defendant to be exceptionally brutal and heinous indicative of wanton cruelty.

Finally, defendant cites *People v. John* (1972), 5 Ill. App. 3d 544, for the proposition that the judge did not consider defendant's rehabilitative potential and that the length of the sentence frustrates the goal of rehabilitation. Concerning a defendant's rehabilitative potential, the trial judge is not required to detail for the record the

process by which he concluded that the penalty he imposed was appropriate. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 493.) Considering the total circumstances shown by the evidence in this case, the sentence of 60 years was most appropriate.

The judgment and sentence of the trial court are affirmed.

Affirmed.

UNVERZAGT and LINDBERG, JJ., concur.