THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD COLLEY, Defendant-Appellant.

Third District   No. 3—88—0535

Opinion filed September 22, 1989.

818

Catherine Fitzsimmons, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

A jury convicted the defendant, Donald Colley, of aggravated criminal sexual assault and armed robbery (Ill. Rev. Stat. 1987, ch. 38, pars. 12—14(a)(2), 18—2(a)). The trial court subsequently sentenced him to two concurrent 40-year terms of imprisonment. The defendant appeals.

According to the trial record, Mary Logan testified that in the early morning hours of March 7, 1988, she awoke to find the defendant standing naked over her bed. He told her that he intended to have sex with her. Logan told him to get away from her, but he climbed into her bed and forced her to have intercourse. He then forced her to submit to oral sex and to perform fellatio on him.

Logan further testified that the defendant got up and rummaged through her dresser. Logan told him that she did not have any money. She then asked to use the bathroom. He accompanied her into the bathroom, and after she was done, he hit her in the eye and told her that he would kill her if she did not give him some money. She again said that she did not have any money, so he threw her on the bed and placed a pillow over her face. After about a minute, he released her and ordered her to go downstairs.

Logan said that after they entered the kitchen together, the defendant closed the window and turned on the gas. He then took a pocket knife out of her purse and cut her on the neck and chin. He told her he would continue hurting her if she did not give him some money.

They went back to her bedroom, where she took some money out of her pillow and gave him $20. He threatened to set her hair on fire, but instead ignited her pillow and sheet. He then ordered her to close her window. After she did so, he set her dresser and a chest on fire.

Logan testified that the defendant took the rest of her money, which amounted to $130. The two then went downstairs, where the defendant ordered Logan to sit on the couch. After she did so, he left her apartment.

The defendant took the witness stand and denied committing the offenses. He said he had been with friends during the early part of the evening and had spent the rest of the night at his girlfriend's home.

Following deliberations, the jury found the defendant guilty of both charges. At the sentencing hearing, the prosecutor argued that the defendant was eligible for extended terms because the victim was handicapped at the time of the offenses. He noted that the presentence report indicated that Logan had been crippled in a 1965 automobile accident. The report also indicated that Logan had a leg brace. Defense counsel disputed this argument, noting that Logan merely walked with a limp. The trial judge found that the defendant was eligible for extended terms because the victim was handicapped at the time of the offense and because the defendant's conduct was exceptionally brutal and heinous. He then imposed two concurrent extended terms of 40 years each.

■ Prior to discussing the defendant's issues, we shall address a motion filed by the State's Attorney's Appellate Prosecutor's office requesting that it be appointed special prosecutor in this case. According to the motion, Kevin Lyons, the present Peoria County State's Attorney, was appointed to represent the defendant while Lyons was an assistant public defender. Lyons states in an affidavit that he withdrew from the case prior to its going to trial and that he has played no substantive role in this appeal. The appellate prosecutor's office requests this appointment, however, in order to avoid any appearance of impropriety. We find the motion to be well-taken and therefore appoint the appellate prosecutor's office to be special prosecutor in this appeal.

The defendant first argues on appeal that he was not proved guilty of aggravated criminal sexual assault. He notes that the victim's stab wounds provided the only evidence of bodily harm. He contends that they occurred too long after the sexual acts were completed to be con-

sidered part of the same course of conduct.

■■ A defendant commits aggravated criminal sexual assault if, during the commission of a criminal sexual assault, he causes bodily harm to the victim. (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(a)(2).) Here, the evidence showed that the defendant stabbed the victim soon after the sexual acts were completed. Under the instant circumstances, we will not draw a bright line between the ending of the sexual acts and the bodily harm occurring afterward, as that would defeat the statutory purpose of protecting victims from sex offenders. We find that the stab wounds occurred sufficiently close in time to the sexual acts that they can be said to have been committed during the course of the sexual assault. See *People v. Ortiz* (1987), 156 Ill. App. 3d 170, 509 N.E.2d 633.

The defendant next argues that the trial court erred in finding that he was eligible for extended terms because the victim was physically handicapped at the time of the offenses. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(4)(iii).) The defendant contends that the evidence failed to establish that the victim was physically handicapped.

■■ A physically handicapped person is defined as "a person who suffers from a permanent and disabling physical characteristic, resulting from *** injury." (Ill. Rev. Stat. 1987, ch. 38, par. 2—15a.) According to the presentence report, the victim was crippled from an auto accident and had a leg brace. Defense counsel also noted that she walked with a limp. We find that there was sufficient evidence establishing that the victim was physically handicapped within the meaning of the statute.

■■ The defendant's final argument on appeal is that his conduct was not sufficiently brutal and heinous to support an extended term. (See Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(2).) The evidence showed that the defendant twice stabbed the victim in a particularly brutal manner, threatened to set her hair on fire and to kill her, and also ignited her bedroom furniture while she was still in the home. We find that this evidence established extremely brutal or heinous behavior indicative of wanton cruelty. (See *People v. Strait* (1983), 116 Ill. App. 3d 110, 451 N.E.2d 631; *People v. Turner* (1981), 93 Ill. App. 3d 61, 416 N.E.2d 1149.) Accordingly, there was no error.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.