THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER NORVEL REID, Defendant-Appellant.

Fourth District   No. 4—86—0833

Opinion filed August 31, 1987.

Daniel D. Yuhas and John J. Hanlon, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Christopher Norvel Reid, was convicted of aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1)) following a jury trial in the circuit court of Champaign County. He received a sentence of 20 years' imprisonment. Defendant appeals only from the sentence. We affirm.

Defendant lived intermittently in the home of his girlfriend, Barbara Arrington, during the summer of 1986. On the night of July 13, while Ms. Arrington was helping her sister move to a new apartment, defendant remained in her home with her brother and two daughters, ages six and four. After the brother fell asleep in the living room, defendant went to an upstairs bedroom where the two girls were sleeping and assaulted the six-year-old.

After the attack, the victim contracted a venereal disease, chlamydia. Her physician's testimony indicated the disease was treatable with antibiotics and there was incomplete data concerning the incidence of sterility in children who have been infected. Defendant also was treated for venereal disease shortly after the incident.

■■ ■ Defendant argues a sentence of 20 years was excessive in view of the trial court's failure to consider the importance of rehabilitation, his inaccurate assessment of aggravating factors and his consideration of an improper victim impact statement.

Aggravated criminal sexual assault is a Class X felony which carries a sentencing range of 6 to 30 years. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(3).) A sentence within statutory limits will not be disturbed absent an abuse of discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) We find no abuse here.

The defendant maintains his past criminal, employment and educational history show great rehabilitative potential and should have been more seriously considered by the trial court in imposing sen-

tence. Although the Illinois Constitution requires a court to consider a defendant's rehabilitative potential (Ill. Const. 1970, art. I, sec. 11), it does not require the judge to give greater weight to rehabilitation than to the seriousness of the offense. (*People v. Nelson* (1985), 130 Ill. App. 3d 304, 474 N.E.2d 23.) Rehabilitation does not outweigh other considerations which are persuasive factors warranting a severe sentence. *People v. Branham* (1985), 137 Ill. App. 3d 896, 484 N.E.2d 1226.

The defendant, age 25, did not demonstrate overwhelming rehabilitative potential. In his more than four years of high school, he accumulated many failing grades and no credits due to excessive absences and failed to graduate. His steady employment record since leaving school is marred by a firing from at least one job due to chronic tardiness and poor attitude. Of most importance, the defendant is a convicted felon who previously violated probation. While his 1980 conviction was for burglary and he has no prior sex offense convictions, he violated the terms of his probation in 1981, resulting in a 30-day jail sentence. Defendant also has a misdemeanor conviction and has an extensive record of traffic offenses both before and after the suspension of his driver's license.

Along with this evidence regarding rehabilitation, the court weighed the serious bodily harm done to the victim in the transmission of a venereal disease to her as well as the deterrent value a lengthy sentence would provide. The court noted the sexual assault or abuse of a minor child within a household, or by someone with easy or special access to the child, is not an isolated incident in society today and must be deterred. The court went on to note that in *this case*, with its own particular facts, rehabilitation was not the primary goal of his sentence.

There is no evidence, as defendant suggests, the court relied on the possibility of the victim's becoming sterile as an aggravating factor because the court mentioned that sterility was only a "possibility" that could not be completely ruled out. The court placed more emphasis on the additional trauma of the infliction of the venereal disease itself.

As a possible mitigating factor the court discussed whether the incident was the result of circumstances unlikely to recur. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.1(a)(8).) Defendant maintains since he had no prior involvement in sex-related offenses and this offense did not involve a randomly selected victim, the trial court abused its discretion in not finding this offense to be the result of a unique factual setting. However, we find the court to have been completely jus-

tified in finding no uniqueness here due to the prevalence of live-in relationships and the ready access defendant would have to instant gratification with whoever else happened to live in his then-current girlfriend's household. There is nothing unique about the facts of this case.

■ Finally, defendant maintains the victim impact statement contained within the presentence report should not have been considered by the trial court as it was prepared by the victim's parents and not the victim herself. The Bill of Rights for Victims and Witnesses of Violent Crime Act (Ill. Rev. Stat. 1985, ch. 38, par. 1401 *et seq.*) provides a victim may testify at the sentencing hearing as to the impact which a defendant's conduct has had on him and before doing so must prepare a written statement of the impact prior to the hearing. (Ill. Rev. Stat. 1985, ch. 38, par. 1406.) Victim is defined in the act as "a person physically injured in this State as a result of a violent crime perpetrated or attempted against that person or *** the *** parent *** of any person granted rights under this Act who is physically or mentally incapable of exercising such rights." Ill. Rev. Stat. 1985, ch. 38, par. 1403.

Defendant argues it is error to receive a victim impact statement prepared by the victim's parents where the victim herself had given "competent and coherent testimony at trial." (*People v. Rainey* (1986), 149 Ill. App. 3d 327, 331, 500 N.E.2d 602, 605.) Although the trial court in this case did find the victim to be competent to testify and she did so, we find the *Rainey* case to be distinguishable. The *Rainey* case dealt with a 12-year-old victim whose ability to meaningfully communicate the impact a criminal offense has had or will have on her life would naturally be distinguishable from that of a sexual assault victim who was seven at the time of trial. Simply because the seven-year-old victim was found competent to testify and that she could relate the facts of what happened to her does not mean she is capable of preparing a written statement about the physical and emotional impact of the crime on her life. It was not error for the trial court to consider a victim impact statement prepared by the parents of a seven-year-old sexual assault victim.

The sentence imposed by the circuit court of Champaign County was not excessive.

We affirm.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.