THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM COUSTIN, Defendant-Appellant.

Fourth District   No. 4—88—0203

Opinion filed September 30, 1988.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas K. Leeper, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and J. A. C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

A jury found defendant William Coustin guilty of the offense of armed robbery in violation of section 18—2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 18—2(a)). The circuit court of Adams County sentenced defendant to 20 years' imprisonment in the Department of Corrections. Defendant appeals his sentence alleging it was excessive where his codefendant Tracy Cates was sentenced to only 13 years. We affirm.

Defendant, Tracy Cates and his wife Mary Cates were charged by information with the August 6, 1987, armed robbery of over $2,000 cash from a McDonald's restaurant in Quincy, Illinois. The Cates pleaded guilty as part of their individual plea bargain agreements. In return for their guilty pleas, Mary was sentenced to probation and Tracy was promised a maximum term of 15 years' imprisonment.

At defendant's trial on February 9, 1988, six McDonald's employees positively identified defendant as one of the three persons involved in the robbery on August 6, 1987. The witnesses testified that shortly before closing around 11 p.m. on the night of the robbery, the defendant and two others, later identified as Tracy and Mary Cates, entered the restaurant, placed an order and sat down to eat. They were the only customers in the restaurant. While defendant placed a second order, Tracy emerged from the restroom carrying a .38 caliber long-barreled revolver. Mary left the restaurant and waited in the car.

Defendant displayed a small .25 caliber automatic pistol to the employees working at the counter, while Tracy gathered the kitchen workers. Both men directed their captives to an office in the back of the restaurant where the office manager was counting the money from food sales that night. Tracy forced the manager at gunpoint to deposit into a sack all the cash from the register drawers and vault. After defendant moved the group downstairs to the crew lounge, the trio made their getaway.

The State presented evidence defendant voluntarily made a taped statement to the police wherein he gave a detailed account of the McDonald's robbery with the Cates, and admitted his involvement, but denied being armed. At trial, defendant denied the armed robbery altogether and explained he gave the statement to the police

under duress and as a result of coercion. He testified the details of the robbery were made known to him via Tracy Cates, who was bragging about the crime.

As part of the State's rebuttal case, Tracy Cates testified he robbed a Quincy McDonald's with his wife and a third person he identified as defendant. Tracy admitted he was testifying as part of a plea agreement with the State under which he was promised he would at most be sentenced to a term of 15 years for his involvement in the robbery. The codefendant was currently serving time for a prior felony conviction of armed robbery of an Iowa McDonald's in 1983.

Despite testimony from several alibi witnesses for the defense, the jury returned a verdict of guilty. No post-trial motion was filed.

At the March 18, 1988, sentencing hearing, no evidence in aggravation or mitigation was presented. The State recommended the court give defendant a 20-year sentence while defense counsel advocated the minimum six-year term under the statute. Defense counsel compared his client's record to that of the codefendant and noted the latter had a prior felony conviction while defendant's record was devoid of convictions, absent one for the misdemeanor offense of reckless driving. Counsel argued defendant should not receive a greater sentence than his codefendant in light of his more favorable record and the subordinate role he played in the commission of the crime. Defendant's youth was noted, as was the concern for his girlfriend and their new baby. Defendant maintained his assertion of innocence while exercising his right of allocution.

The court acknowledged the factors presented by the defense, but gave great weight to the trauma the crime must have caused the McDonald's workers who were robbed at gunpoint. Defendant was sentenced to 20 years' imprisonment in the Department of Corrections.

■ The Unified Code of Corrections provides that a person convicted of armed robbery, a Class X felony, shall receive a sentence of not less than six years and not more than 30 years. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(3).) Defendant received 20 years while his codefendant, a convicted felon, received 13 years as part of a plea agreement. The only issue for review is whether the 20-year sentence imposed on defendant for his participation in an armed robbery was excessive and disproportionate to that of his codefendant. We affirm the trial court's sentencing decision.

■ While Supreme Court Rule 615(b)(4) grants this court the power to reduce a sentence imposed by a trial court (107 Ill. 2d R.

615(b)(4)), it is not our function to sit as a sentencing court. The trial court is in the best position to evaluate the credibility of witnesses and to appraise aggravating or mitigating factors in sentencing a particular defendant. Absent an abuse of discretion, the trial court's determination of an appropriate sentence within statutory guidelines will not be disturbed on review. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882; *People v. Reid* (1987), 160 Ill. App. 3d 491, 513 N.E.2d 517.

■ Fairness and justice require that defendants similarly situated should not receive grossly disparate sentences. (*People v. Clay* (1984), 124 Ill. App. 3d 140, 463 N.E.2d 929.) However, disparity in sentencing a defendant who pleaded guilty, compared to his codefendant who chose to go to trial, is not automatically suspect. (*People v. McClendon* (1986), 146 Ill. App. 3d 1004, 497 N.E.2d 849.) The reason for the disparity is controlling. *People v. Massarella* (1979), 80 Ill. App. 3d 552, 400 N.E.2d 436, *cert. denied* (1981), 449 U.S. 1077, 66 L. Ed. 2d 799, 101 S. Ct. 855.

■ A disparity in sentencing of codefendants may be justified when the individual with whom the defendant's conduct is compared possessed a more serious criminal record or was a more active participant in the offense. (*People v. Jackson* (1986), 145 Ill. App. 3d 626, 495 N.E.2d 1207.) In *Jackson*, the court reduced the defendant's sentence under Rule 615(b)(4), where his codefendant, who pleaded and got a lesser sentence, had a comparatively serious criminal record, was older than defendant, and was found to be the prime mover or initiator of the crime. Defendant contends his sentence erroneously exceeded that of Tracy where Tracy, unlike defendant, had a felony record and masterminded and initiated the robbery. We disagree.

■ Initially we note the record does not indicate Tracy was the dominant force behind the armed robbery of McDonald's. The evidence at trial indicated both men were armed and pointed their weapons at the employees while in the process of robbing the restaurant. We cannot determine that either man was the more active participant in the McDonald's robbery. See *People v. Franklin* (1987), 159 Ill. App. 3d 923, 512 N.E.2d 1318, *appeal denied* (1987), 117 Ill. 2d 548, 517 N.E.2d 1090.

In *McClendon*, we held a defendant cannot properly compare his sentence with that imposed upon a codefendant who had entered a plea of guilty. A trial court is allowed discretionary leniency in the sentencing of a codefendant who by his plea insured prompt and certain application of correctional measures to him, acknowledged his

guilt, assumed responsibility for his conduct, and cooperated with the successful prosecution of his cohorts. (*McClendon*, 146 Ill. App. 3d at 1013, 497 N.E.2d at 855; *Massarella*, 80 Ill. App. 3d at 573, 400 N.E.2d at 453.) While we are of the opinion Tracy Cates, in light of his record, should have been given the maximum sentence possible under the plea agreement, we find it proper the trial court sentenced Tracy more leniently for his help in the prosecution of defendant.

We find the defendant's sentence of 20 years' imprisonment, as compared to the 13 years imposed on his codefendant who pleaded, was not inappropriately disproportionate given the plea agreement and the defendant's equal participation in the crime. Defendant's relatively clean criminal record does not compel us to exercise our power to reduce his sentence, especially given the serious nature of the offense of armed robbery. We find no basis under these circumstances to be critical of a sentence that was well within the statutory guidelines.

Affirmed.

LUND and SPITZ, JJ., concur.