THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARVIN WILLIAMS, Defendant-Appellant.
First District (5th Division)  No. 1—88—0212

Opinion filed August 31, 1990.

Randolph N. Stone, Public Defender, of Chicago (Z. Peter Tokatlian, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Paul Gliatta, and Catherine Bernard, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

After a jury trial, defendant Marvin Williams was convicted and sentenced for aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1)). Defendant now appeals and we address the following issues: (1) whether admission of the victim's alleged hearsay testimony amounted to plain error; (2) whether defendant was denied effective assistance of counsel; (3) whether a witness improperly testified to a prior consistent statement; (4) whether the victim's testimony that she and defendant had intercourse previously was inadmissible evidence of other crimes; (5) whether the trial judge improperly considered a victim impact statement prepared by the victim's mother when sentencing defendant; and (6) whether defendant's sentence was an abuse of discretion. We affirm.

The State tried defendant for one count of criminal sexual assault and one count of aggravated criminal sexual assault for an incident that occurred on April 18, 1986. (Ill. Rev. Stat. 1985, ch. 38, pars. 12—13(a)(1), 12—14(b)(1).) The aggravated criminal sexual assault indictment was based on the fact that defendant was over the age of 17 and the victim was under the age of 13. The criminal sexual assault indictment was based on the use or threat of force.

Prior to trial, defendant moved to prohibit the State from intro-

ducing the victim's testimony that defendant had intercourse with her for a period of two years. The trial judge denied the motion.

The victim, A.F., who was 11 years old, testified that it was her responsibility to pick up her five-year-old cousin from her aunt's apartment and take him to school. Defendant lived with her aunt and was her cousin's father.

On April 18, 1986, at approximately noon, A.F. went to her aunt's apartment building to pick up her cousin. Defendant met A.F. downstairs and told her that her cousin was not home. Defendant gave A.F. some money and sent her to buy potato chips. When she returned, defendant and A.F. went to his apartment to get some newspaper and then they went to a nearby apartment building. On a stairway landing, defendant laid out the newspaper and told A.F. to take off her pants. When A.F. refused, defendant told her to trust him because he knew what he was doing. Defendant pulled down A.F.'s pants and underwear and laid her down on the newspaper. He pulled down his pants, laid on top of her, and put his penis in her vagina. During the act, A.F. saw her friend Terrell Anderson and two other boys walking up the stairway. When defendant saw them, he pulled his pants up and barked like a dog. The boys ran away. Defendant and A.F. left the building, and he gave her 40 cents and told her to go to school.

A.F. went to school and did not tell her teacher or her friends what happened. After school, she went to her grandmother's apartment. A.F.'s mother was there with a family friend, Greta Conner, and they spoke with A.F. A.F.'s mother asked A.F. the name of the boy or the man. A.F. also testified that before she told her mother who he was, her mother hit her two or three times on the arm. After a half hour, A.F. "told her it was [defendant]." Defendant did not object to this testimony.

A.F. testified that defendant had intercourse with her for approximately a one-year period and generally it would always occur at her aunt's apartment but once it occurred at her grandmother's apartment. A.F. testified that she did not tell anyone during that time because defendant said her mother and her aunt would hate her and her mother would beat her.

Anderson testified that on April 18, 1986, he was with two friends and saw defendant on top of A.F. on the stairway landing. When defendant saw him, defendant zipped up his pants and barked like a dog. A.F. pulled up her pants. After Anderson ran away, he saw defendant and A.F. run out of the apartment building. Later that day, Anderson told his mother and her friend, Conner.

Conner testified that on April 18, 1986, she was at her sister's apartment with her sister, Anderson, and his mother. After a conversation with Anderson, Conner went to A.F.'s grandmother's apartment. Conner had a conversation with A.F.'s mother and was present during a conversation between A.F. and her mother.

J.F., A.F.'s mother, testified that in April of 1986, defendant was her sister's live-in boyfriend. At that time, A.F. was 10 years old. In the afternoon of April 18, J.F. was at her mother's apartment, where she had a conversation with Conner. J.F. then had a conversation with A.F. while Conner and J.F.'s sister were present. J.F. asked A.F. what happened but A.F. would not tell her. They spoke for a half hour, and during that conversation, J.F. hit A.F. once. Later that day, J.F. took A.F. to various hospitals.

Dr. Anthony Dekker, qualified as an expert in evaluating child sexual abuse, testified that on April 19, 1986, he examined A.F. Dekker's physical examination of A.F. revealed vaginal trauma which was consistent with recent and chronic penile penetration. Also, A.F. had trichomonas which in Dekker's opinion was transmitted by sexual contact. A.F. told Dekker that a man put his penis inside her, and when she was asked where, A.F. pointed to her vaginal area. A.F. said it happened on previous occasions. Dekker testified that A.F. told him the man's name.

Defendant testified he was 42 years old and A.F.'s aunt was his girl friend. At approximately noon on April 18, 1986, he was at his girl friend's apartment with her and their son. He left the apartment at approximately 12:30 p.m. with his sister. He denied ever having intercourse with A.F.

The parties stipulated that if a person identified as M. Lewis was called to testify, she would state that she was a social worker and on April 22, 1986, she interviewed J.F. In her report, Lewis stated that J.F. said, "I had to beat [A.F.] to get her to tell me who it was that messed with her."

The parties also stipulated that defendant was convicted of misdemeanor theft on May 7, 1982.

The jury found defendant guilty of criminal sexual assault and aggravated criminal sexual assault. Defendant's motion for new trial was denied.

At the sentencing hearing, the State offered a victim impact statement prepared by J.F. pursuant to section 6 of the Bill of Rights for Victims and Witnesses of Violent Crime Act (Ill. Rev. Stat. 1985, ch. 38, par. 1406). Defendant objected, stating:

"[T]he statute says it's a victim impact statement. I know this

has been expanded to include the families, but based upon this, it's hearsay on hearsay on hearsay. Some of the things that allegedly [J.F.] is saying like for instance, what a teacher told her about her daughter and that she's now put in this report.

&ast;&ast;&ast;

I think many of these statements in here are just broad allegations or generalizations which should not be considered by the court in sentencing."

The trial court overruled defendant's objection. The State indicated that J.F. believed it was in A.F.'s best interest that A.F. was not present at the sentencing hearing. The State also indicated A.F. was receiving counseling.

In sentencing defendant, the trial judge relied on defendant's 1967 and 1971 convictions for indecent liberties, the young age of the victim, and his concern that defendant could abuse other children. The judge sentenced defendant to the maximum term of 30 years' imprisonment.

OPINION

Defendant argues A.F.'s testimony that she told her mother defendant had intercourse with her was inadmissible hearsay. When asked what she told her mother, A.F. testified that she "told her it was [defendant]."

■■ Conceding that he did not object to the testimony at trial and did not include the issue in his post-trial motion, defendant urges this court to review the issue under Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)), which allows review of plain errors or defects affecting substantial rights even though the issue was not raised in the trial court. When the evidence at trial was closely balanced or the alleged error was of such magnitude that defendant was denied a fair trial, the reviewing court may consider errors which were not raised in the trial court. (*People v. Walker* (1985), 109 Ill. 2d 484, 488 N.E.2d 529.) In this case, however, the evidence presented at trial, which included A.F.'s testimony, an eyewitness' testimony, and medical evidence, overwhelmingly established defendant's guilt. Further, the alleged error was insignificant in light of the evidence presented and did not deny defendant a fair trial. Accordingly, the admission of the alleged hearsay testimony was not plain error.

After oral argument in this case defendant was granted leave to file a supplemental brief raising the issue that he was denied effective assistance of trial counsel. Defendant contends that he was prejudiced because his trial attorney did not object to A.F.'s alleged hearsay

statement that she told her mother defendant had intercourse with her.

Issues not raised in appellant's brief are considered waived on appeal (134 Ill. 2d R. 341(e)(7)); however, as previously stated, a reviewing court can consider issues that rise to the level of plain error (134 Ill. 2d R. 615(a)).

■ To establish a claim of ineffective assistance of counsel, counsel's performance must have been seriously deficient and there must be a reasonable probability that defendant would have been found not guilty had the professional errors not occurred. (*People v. Jennings* (1986), 142 Ill. App. 3d 1014, 492 N.E.2d 600.) "[W]here the declarant is available in court or there is an opportunity to ascertain the veracity of the testimony by cross-examination, there is no hearsay problem." (*Jennings*, 142 Ill. App. 3d at 1027, 492 N.E.2d at 608.) The failure to object to such testimony does not support a claim of ineffective assistance of counsel. *Jennings*, 142 Ill. App. 3d 1014, 492 N.E.2d 600.

■ As noted previously, defendant claims that A.F.'s testimony that she "told her [mother] it was [defendant]" was hearsay. Such testimony did not present a hearsay problem because A.F. was on the witness stand and subject to cross-examination. Further, based on the overwhelming evidence against him, there is no reasonable probability that if defendant had raised an objection, he would have been found not guilty. Therefore, defendant's argument that he was denied effective assistance of counsel is without merit.

Defendant also seeks review of another issue as plain error because he did not raise the issue in the trial court. Defendant claims that Anderson was allowed to testify to his prior consistent statement. Anderson testified that he saw defendant on top of A.F. on the stairway landing and that he later told his mother and Conner. His testimony did not reveal the substance of his conversation with them.

■ Generally, a witness may not testify to prior statements consistent with his trial testimony unless there is a charge that the witness' testimony was recently fabricated or he has a motive to testify falsely. (*People v. Harris* (1988), 123 Ill. 2d 113, 526 N.E.2d 335.) In this case, however, because Anderson did not testify as to the substance of his conversation, there was no testimony of a prior consistent statement.

Defendant next argues that the trial judge improperly admitted evidence of other sexual acts between defendant and A.F. for which defendant was not charged. At trial, A.F. testified that defendant had intercourse with her for a period of one year prior to April 18, 1986.

■ Evidence of crimes other than those defendant is charged with is inadmissible if relevant only to establish defendant's propensity to commit crime. (*People v. Lindgren* (1980), 79 Ill. 2d 129, 402 N.E.2d 238.) However, such evidence is admissible if it is relevant to establish knowledge, intent, motive, design, plan, or identification. (*Lindgren*, 79 Ill. 2d 129, 402 N.E.2d 238.) In cases involving indecent liberties (now aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1))), evidence of sexual acts by defendant with the same child can be admitted to show the relationship of the parties and defendant's intent. *People v. Richardson* (1959), 17 Ill. 2d 253, 161 N.E.2d 268.

In *Richardson*, defendant was tried for taking indecent liberties with his seven-year-old daughter. In addition to testifying to the incident for which defendant was charged, the daughter also testified that two days after the incident, defendant again took indecent liberties with her. On appeal from his conviction, defendant contended evidence of other offenses was inadmissible. The supreme court stated that generally a defendant cannot be convicted of one offense with evidence that he committed another; however, an exception applied in indecent liberties cases. In such cases, evidence of separate offenses with the same child was admissible to show the relationship of the parties and the intent with which the act was done. The court found that the admission of the other offense against the daughter was admissible and defendant's conviction was affirmed.

In *People v. Tannahill* (1987), 152 Ill. App. 3d 882, 504 N.E.2d 1283, defendant was charged with one count of aggravated criminal sexual assault and two counts of indecent liberties with his daughter. The daughter, who was between 9 and 12 years old at the time of the incidents, testified that defendant sexually abused her three different times. She also testified that defendant sexually abused her at other times even though defendant was not charged for those incidents. Defendant was convicted and argued the evidence of other offenses was inadmissible. The appellate court found that evidence of defendant's prior sexual offenses with the same child was admissible to show the relationship and familiarity of the parties and defendant's intent, design, or course of conduct. Also, such evidence was admissible to corroborate the child's testimony.

■ In this case, defendant was charged with aggravated criminal sexual assault and criminal sexual assault against A.F. for an incident that occurred on April 18, 1986. A.F. testified at trial that defendant had intercourse with her for approximately one year prior to that date. Based on *Richardson* and *Tannahill*, this evidence of defend-

ant's prior offenses against A.F. was properly admitted to show the relationship between defendant and A.F., defendant's intent, and to corroborate A.F.'s testimony.

■ Defendant also argues that the trial court improperly considered a victim impact statement prepared by A.F.'s mother when sentencing him. At the sentencing hearing, the State presented a statement from J.F., A.F.'s mother, which explained the effect defendant's crime had on A.F. and herself. Defendant did not object to the fact that the victim impact statement was prepared by J.F. rather than A.F. and, therefore, we must consider whether plain error occurred. Also, the victim impact statement was not included in the record on appeal.

Section 6 of the Bill of Rights for Victims and Witnesses of Violent Crime Act (Ill. Rev. Stat. 1985, ch. 38, par. 1406) provides:

> "In any case where a defendant has been convicted of a violent crime *** and a victim of the violent crime is present in the courtroom at the time of the sentencing *** hearing, the victim upon his or her request shall have the right to address the court regarding the impact which the defendant's criminal conduct *** has had upon the victim. If the victim chooses to exercise this right, the impact statement must have been prepared in writing *** prior to the initial hearing or sentencing, before it can be presented orally at the sentencing hearing. The court shall consider any statements made by the victim, along with all other appropriate factors in determining the sentence of the defendant."

The parent of a victim "who is physically or mentally incapable of exercising such rights" can exercise the victim's rights under the Act. (Ill. Rev. Stat. 1985, ch. 38, par. 1403(a)(3).) Whether a victim is mentally capable of preparing a victim impact statement depends on his age and his ability to communicate. *People v. Van Ostran* (1988), 168 Ill. App. 3d 517, 522 N.E.2d 851.

■ For his argument that the trial court improperly considered the victim impact statement prepared by J.F., defendant relies on *People v. Rainey* (1986), 149 Ill. App. 3d 327, 500 N.E.2d 602. In *Rainey*, on appeal from defendant's conviction for aggravated criminal sexual assault, an appellate court found it was improper to consider a victim impact statement prepared by the mother of a 12-year-old child. The child's testimony at trial was competent and coherent and there was nothing in the record indicating that the child's condition from the time she testified to the time of the sentencing hearing deteriorated to the point that she could not prepare the statement.

In *People v. Reid* (1987), 160 Ill. App. 3d 491, 513 N.E.2d 517, however, an appellate court declined to follow *Rainey* even though the victim also testified at trial and did not prepare the victim impact statement. In *Reid,* the parents prepared a victim impact statement for their seven-year-old child who testified at trial. On appeal from defendant's conviction for aggravated criminal sexual assault, defendant argued that the trial judge erroneously considered the statement prepared by the victim's parents because the victim was competent to testify at trial. The appellate court stated that it was proper for the trial judge to consider the statement even though there was no showing that the child was incapable of preparing it. The court distinguished *Rainey* because in that case the child was 12 years old and more likely to be capable of preparing the statement. The court stated that "[s]imply because the seven-year-old victim was found competent to testify and that she could relate the facts of what happened to her does not mean she is capable of preparing a written statement about the physical and emotional impact of the crime on her life." (*Reid,* 160 Ill. App. 3d at 494, 513 N.E.2d at 519.) The court found that it was not improper for the trial court to consider the victim impact statement prepared by the victim's parents.

At the sentencing hearing in this case, there was no specific showing that A.F. was physically or mentally incapable of preparing the statement. Defendant did not raise an objection on that point at the time but now claims the victim impact statement was improperly considered.

Although A.F. testified at trial, the record indicates that she may not have been mentally capable of preparing the victim impact statement. The record shows that A.F. was 11 years old at the time and under counseling as a result of defendant's abuse. Also, the State told the trial judge that J.F. believed it was in A.F.'s best interest not to attend the hearing. Accordingly, there is support in the record that A.F. was not mentally capable of preparing the statement and, therefore, it was not plain error for the trial judge to consider the statement prepared by J.F. when sentencing defendant.

■ Lastly, defendant argues that his sentence was excessive. A sentence within statutory limits will not be overturned on appeal absent an abuse of discretion. *Reid,* 160 Ill. App. 3d 491, 513 N.E.2d 517.

Defendant was convicted of a Class X felony (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(c)), which carries a sentence of not less than 6 years and not more than 30 years (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(3)). Defendant was sentenced to the maximum term of

30 years' imprisonment.

Defendant argues his sentence was excessive and that the trial judge did not consider his potential to rehabilitate himself. However, defendant's record does not exhibit much potential for rehabilitation. He was 42 years old at the time of the crime and had two previous convictions for indecent liberties with a child. It was clear from the trial judge's remarks that he imposed the maximum sentence because defendant had two prior convictions for abusing minors and he wanted to prevent defendant from harming any more children. Although the sentence was harsh, it was not an abuse of discretion.

Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request to assess the sum of $50 against defendant as costs for defending this appeal and pursuant to *People v. Agnew* (1985), 105 Ill. 2d 275, 473 N.E.2d 1319, we assess the sum of $25 as costs for oral argument.

Affirmed.

COCCIA, P.J., and MURRAY, J., concur.