THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARCHIE MARCHELL, JR., Defendant-Appellant.

Fourth District   No. 4—90—0825

Opinion filed June 26, 1991.

Daniel D. Yuhas and David P. Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Defendant Archie Marchell, Jr., was convicted of aggravated battery and home invasion (Ill. Rev. Stat. 1989, ch. 38, pars. 12—4(b)(1), 12—11(a)(2)) following a jury trial conducted in the circuit court of McLean County. Defendant was sentenced to concurrent terms of imprisonment of 5 years for aggravated battery and 10 years for home invasion.

In an earlier appeal, this court affirmed the judgment of the circuit court of McLean County in all respects except the sentences were reversed and the cause remanded for a new sentencing hearing before a different judge. (*People v. Marchell* (4th Dist. 1990), No. 4—89—0882 (unpublished order under Supreme Court Rule 23).) On remand,

the defendant was again sentenced to concurrent terms of imprisonment of 5 years for aggravated battery and 10 years for home invasion. On appeal, the only issue raised is whether the sentencing judge improperly refused to consider relevant and reliable testimony concerning defendant's rehabilitative potential.

Defendant's mother testified she had visited with her son while he was incarcerated and they had discussed defendant's goals and what he wanted to do when he gets out of prison. However, when asked by defense counsel to testify to the goals defendant expressed, the State objected, and the trial court sustained the objection on the grounds of hearsay.

Defendant complains that the trial court is not bound by the rules of evidence at trial and should not have sustained the objection on the grounds of hearsay. The State concedes that hearsay is admissible at a sentencing hearing. (See *People v. Monk* (1988), 174 Ill. App. 3d 528, 528 N.E.2d 1063.) The State, however, suggests this error was harmless. We disagree with both defendant and the State and find that no error occurred.

■■■ Technically, it is true that some rules of evidence which govern the guilt-finding phase of trial do not apply to the sentencing phase. (*People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9; M. Graham, Cleary & Graham's Handbook of Illinois Evidence §101.1 (5th ed. 1990).) However, while some hearsay may certainly be considered at sentencing (see *People v. Reid* (1987), 160 Ill. App. 3d 491, 513 N.E.2d 517), it may be painting with too broad a brush to state that the fact that the statement is hearsay evidence has no relevance to the question of its admissibility at sentencing. In *Meeks*, the Illinois Supreme Court noted that it is important for a sentencing judge to possess the fullest information possible regarding defendant's life and characteristics. As a result, the sentencing court's inquiry is limited only by the requirement that any information considered be shown to be accurate and reliable.

Subject to certain exceptions, hearsay—*i.e.*, in-court testimony or written evidence of an out-of-court statement which is offered to show the truth of the matter asserted in the out-of-court statement, and the value of which evidence rests in the credibility of the out-of-court asserter—is not admissible in the guilt-finding phase of a criminal proceeding. (M. Graham, Cleary & Graham's Handbook of Illinois Evidence §801.1 (5th ed. 1990).) Exceptions are made to the rule against admitting hearsay evidence where circumstances provide sufficient guarantees of trustworthiness or reliability to justify the introduction of the evidence. (M. Graham, Cleary & Graham's Handbook of Illinois

Evidence §803.1 (5th ed. 1990).) Since the sentencing judge must consider the reliability of the evidence, whether the testimony is hearsay or fits within an exception to the rule against hearsay may be considered by the judge in determining reliability.

Here, the evidence was properly excluded, not merely because it was hearsay, but because it was not reliable. Defendant's mother was asked to testify to what defendant told her his goals and intentions were. Defendant's mother could not read defendant's mind. She could not testify to defendant's goals and intentions, but only to what she heard defendant say. Defendant could well have made such a statement to his mother for the sole purpose of permitting her to truthfully testify about what she heard him say his goals were even though he may never have had any intention of carrying out those goals. If defendant wanted the trial judge to consider the goals he had for his life, defendant, who was present at the hearing, should have testified about his goals and intentions for the future. Then the trial court could have assessed defendant's credibility in this regard.

For these reasons, we find no error, and the judgment of the circuit court of McLean County is affirmed.

Affirmed.

LUND, P.J., and STEIGMANN, J., concur.