**People of the State of Illinois, Plaintiff-Appellee, v. Arthur B. Riley, Defendant-Appellant.**

**Gen. No. 51,186.**

First District, First Division.

June 12, 1967.

Robert K. Lock, of Chicago (Gerald M. Panter, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Joel Flaum and James A. Stamos, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Arthur B. Riley, was convicted on the charge of forcible rape after a bench trial and was sentenced to serve a term of fifty years in the Illinois State Penitentiary. He appealed directly to the Supreme Court and that Court transferred the appeal to this court. On

appeal the defendant contends that the State failed to establish beyond a reasonable doubt that the act of intercourse was performed forcibly and against the will of the prosecutrix, and that the essential element of penetration was not proven beyond a reasonable doubt.

At the trial, the eleven-year-old prosecutrix testified that on August 4, 1953, when she was seven years old, the defendant, who was a friend of the family, had been playing cards with her, her sister and brother, and asked her to accompany him to the store. She said the defendant instead took her to the second floor of an old raggedy house about two blocks from her home. She testified that the defendant then told her to take off her pants and lie down on an old dirty floor, which she did. She said he unzipped his pants, removed his private part, got on top of her and put his private part in her private part which hurt and she passed out or fainted. When she awoke she attempted to run downstairs, but he caught her and hit her in the mouth. The defendant took her to his sister's house and on the way told her that he would kill her if she told anybody. When she got home she told her parents what had happened and later told the police.

The mother of the child, Leola Felton, testified that the defendant had worked with her husband and she had known him for one year, and that on the day in question he had come to their house at about 2:00 p. m., and played with her children. Later she said she looked for the prosecutrix, but could not find her and that about 5:00 p. m. her daughter came home, crying, bleeding, her mouth swollen and her dress and shoes dirty, and told her what happened. She started to cry and her next door neighbor, Geneva Williams, came over and the police were called. Upon examining her daughter she found her pants wet and bloody at the crotch. Her daughter also told the police what happened.

Geneva Williams testified that on August 4, 1953, she visited Mrs. Felton in her home about 2:00 p. m., and was introduced to the defendant. Later she said, from her kitchen window, she saw the defendant walking through the playground with Mrs. Felton's daughter. When she next saw the girl she observed that her mouth was bleeding and she looked as if she had been rolled in black dirt. She said she gave the girl a bath and noticed spots of blood on her vagina. The girl was crying and showed her where it hurt.

Dr. Fred Levit testified from the hospital records of the Cook County Hospital that he had examined the girl between 5:00 and 9:15 p. m. on August 4, 1953. He observed that her lips were swollen and that some blood was oozing from the stump of a tooth which was apparently freshly broken off. He examined her and found "dirt on the upper portion of the hymen at about the urethra and clitoris; and the hymenal ring was lacerated in two places. One of those lacerations was oozing a small amount of blood." In his opinion the lacerations to the hymen could have been caused by the insertion of an erect male organ.

The defendant testified as the only witness in his behalf. He denied being in Chicago on August 4, 1953, and said he was in St. Paul, Minnesota, on that day, where he had been working for about two weeks. He knew the Felton family, had worked for the complainant's father and had seen the complaining girl on several occasions. He denied taking the girl anywhere or ever abusing her physically. It was stipulated that he was 31 years old.

The defendant's counsel argues that the girl's testimony established that she voluntarily went with the defendant to a deserted house and no proof was offered that the act of intercourse was performed forcibly and against her will. He says the record discloses a complete

absence of threats or intimidation which did not justify a finding by the trial court of forcible rape.

To affirm a finding of forcible rape there must be evidence that the act of intercourse was performed forcibly and against the will of the prosecutrix. People v. Faulisi, 25 Ill2d 457, 185 NE2d 211, or otherwise stated, without the consent of the prosecutrix. People v. Fryman, 4 Ill2d 224, 122 NE2d 573. The girl was seven years old, much below the age of consent, and is conclusively presumed to be unable to legally consent to an act of carnal knowledge. Addison v. People, 193 Ill 405, 62 NE 235. A seven-year-old girl cannot be expected to understand the nature of the act, let alone possess the will to resist against a friend of her parents. Force is always present in an act of intercourse between a seven-year-old female, incapable of consenting or resisting, and a thirty-one-year-old male.

It is also contended that penetration which is essential to a conviction for rape, was not proved beyond a reasonable doubt, either by direct or circumstantial evidence. Defense counsel states "in light of the defendant's blanket denial of any participation in the alleged offense, the only direct evidence in the record tending to establish the requisite element of penetration was the testimony of the prosecutrix." In our opinion, the testimony of the prosecutrix, when taken in connection with the corroborating testimony of her mother, a neighbor, and the examining physician, was ample to prove penetration beyond a reasonable doubt. It would strain any interpretation of the evidence to find, as defense counsel suggests, that the penetration could be by an object other than a penis. Here, the defendant denied committing the crime or ever being with the girl or striking her in the mouth, and testified that he was not in Chicago on the date of the crime. This despite the direct testimony of the girl and her mother who knew him

300

well, and a neighbor of the girl who saw her and the defendant walking together in the neighborhood.

■■ The credibility of the witnesses and the weight of their testimony are matters for the determination of the trial judge who saw and heard the witnesses. People v. Henson, 29 Ill2d 210, 193 NE2d 777. This court will not reverse the finding of the trial judge which is based on convincing and credible evidence. People v. Reaves, 24 Ill2d 380, 183 NE2d 169. We believe the evidence substantiates the judgment of the court and is accordingly affirmed.

Judgment affirmed.

MURPHY, P. J. and ADESKO, J., concur.