THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAULA CAPLINGER, Defendant-Appellant.

Third District   No. 3—86—0625

Opinion filed October 19, 1987.

Catherine E. Churm, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

A jury convicted the defendant, Paula Caplinger, of retail theft of property. (Ill. Rev. Stat. 1985, ch. 38, par. 16A—3.) Due to the defendant's prior retail theft conviction, her offense was a Class 4 felony. The trial court sentenced her to two years in prison. The defendant appeals.

On May 10, 1986, the defendant and Peggy Bonnell, a codefendant, were in Pamida Discount Store. Store manager Rollie Streetor told clerk Sheila Sondergroth to watch the two women after he saw the defendant walking toward Bonnell with two audio cassette tapes in her hand.

Sondergroth testified that she watched the defendant walk up beside Bonnell and, using her right hand, set the tapes on a table. Bonnell immediately picked up the tapes with her right hand and shoved them under the left side of her shirt. Holding her purse tightly over the tapes, Bonnell left the store. The defendant walked to a different aisle and later made a purchase.

Bonnell testified for the State that the defendant handed a tape to her and warned her to be careful because a woman in the aisle might be watching. Bonnell was facing the defendant, who used her right hand to deliver the tape. Bonnell took the tape with her left hand, transferring it to her right hand before putting it under her shirt.

Bonnell claimed that after the defendant and Sondergroth walked away, she set the tape on a table and began leaving the store. Sondergroth stopped her before she had exited. Bonnell later told the police that the defendant had placed the two tapes under Bonnell's shirt. She admitted at trial, however, that the defendant had not done so. Bonnell also claimed at trial that she had not committed the offense. She stated that she had pleaded guilty only because she was afraid of having to serve more time.

Mendota police sergeant Dennis Franklin testified that in the defendant's statement given just after the incident, she had denied involvement in the offense. She claimed that she had given some tapes to Bonnell, but could not find her before the defendant went to the check-out.

On appeal, the defendant first argues that the State failed to prove her guilty beyond a reasonable doubt of retail theft on an accountability theory. She argues that Bonnell's testimony was unbeliev-

able and contradicted Sondergroth's testimony, which was insufficient by itself to establish guilt.

A person commits the offense of retail theft when he or she knowingly takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale in a retail mercantile establishment, with the intention of retaining such merchandise or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise. (Ill. Rev. Stat. 1985, ch. 38, par. 16A—3(a).) In order to prove a defendant guilty on an accountability theory, the State must establish: (1) that the defendant solicited, aided, abetted, agreed, or attempted to aid another person in the planning or commission of the offense; (2) that the defendant's participation took place before or during the commission of the offense; and (3) that the defendant had the concurrent, specific intent to promote or facilitate the commission of the offense. Ill. Rev. Stat. 1985, ch. 38, par. 5—2(c).

Once a jury has found a defendant guilty, on review all evidence must be considered in the light most favorable to the prosecution. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) A reviewing court will not second-guess a jury's determinations regarding credibility, weight and conflicting evidence. (*People v. Schultz* (1981), 99 Ill. App. 3d 762, 425 N.E.2d 1267.) A jury's determination that a defendant is legally accountable for the criminal act of another will not be set aside unless the evidence is so improbable, unsatisfactory or unreasonable as to warrant a reasonable doubt of the accused's guilt. *People v. Tate* (1976), 63 Ill. 2d 105, 345 N.E.2d 480.

In the instant case, the defendant bases her argument on the contradictions between Sondergroth's and Bonnell's testimony. These include the positions of Bonnell and the defendant when the defendant passed the tapes to Bonnell, whether the defendant set the tapes down or handed them to Bonnell, and the hand with which Bonnell took the tapes. The defendant further asserts that Bonnell's credibility was impeached when she admitted that she had lied to the police; when she testified that she was innocent despite her guilty plea; and by her prior convictions for attempted burglary, retail theft, bringing contraband into a jail, and driving under the influence.

Our examination of the record shows that Sondergroth's and Bonnell's testimony presented all of the elements of retail theft on an accountability theory. Further, for the most part their testimony was consistent. Both testified that the defendant carried the tapes to where Bonnell was standing next to a table. Both testified that the

defendant transferred the tapes to Bonnell, either by handing them directly to her or placing them on the table from which Bonnell immediately picked them up. Bonnell further testified that the defendant warned her to be careful because Sondergroth might be watching them. Sondergroth testified that she stopped Bonnell outside of the store and that Bonnell tried to dispose of the tapes.

■ Defense counsel made the jury aware of the inconsistencies in the witnesses' testimony and of the credibility problems. The jury weighed this along with the evidence and found the defendant guilty. We find that the evidence was not so improbable, unsatisfactory or unreasonable as to preclude a rational jury from finding the defendant guilty beyond a reasonable doubt.

■ The defendant's second argument on appeal is that she was denied her right to a fair trial because some of the State's questions were leading and prejudicial. The defendant points to questioning of Sondergroth as to whether the defendant could have handed the tapes to Bonnell and whether the defendant was looking around when she handed Bonnell the tapes. She also points to redirect examination of Bonnell.

In each instance at issue, defense counsel objected to the State's questioning and the trial court sustained the objection. The State then discontinued the line of questioning or rephrased the question, as directed by the trial court. Contrary to the defendant's assertion, the State did not "anarchically override" the court's evidentiary rulings by persisting in a line of questioning or argument after the court had sustained a defense objection to it. Further, any error was cured and rendered harmless by the trial court's properly sustaining the defense's objections. *People v. Belvedere* (1979), 72 Ill. App. 3d 998, 390 N.E.2d 1239.

■ The defendant's third argument on appeal is that the State's comments during closing arguments on the defendant's failure to testify violated the defendant's constitutional right against self-incrimination and deprived her of a fair trial. Specifically, the defendant points to where the prosecutor, in his closing argument, said, "Ladies and Gentlemen, our evidence is uncontradicted. Undisputed and undenied."

It is improper to comment upon a defendant's failure to testify. (*Griffin v. California* (1965), 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229.) With certain limitations, the State may, however, argue that its evidence is uncontradicted, unrebutted and undenied, even when the only person who could refute the evidence is the defendant. (*People v. Bryant* (1983), 94 Ill. 2d 514, 447 N.E.2d 301.) The test to

determine whether the defendant's right to remain silent has been violated by such a comment is whether the reference was intended or calculated to direct the jury's attention to the defendant's failure to testify. *People v. Dixon* (1982), 91 Ill. 2d 346, 438 N.E.2d 180.

■■ In the instant case, the State made the comment in question while discussing Sondergroth's and Bonnell's testimony. The State was attempting to convince the jury that despite the inconsistencies in the evidence and Bonnell's credibility problems, the State had still presented a strong case. Accordingly, read in its proper context, the complained-of comment was not intended or calculated to draw the jury's attention to the defendant's failure to testify.

■■ The defendant's fourth argument on appeal is that the trial court erred when it refused to instruct the jury on the lesser included offenses of solicitation to commit retail theft and attempted retail theft.

Solicitation is not a lesser included offense of retail theft. (See *People v. Columbo* (1983), 118 Ill. App. 3d 882, 455 N.E.2d 733.) The court did not err in refusing to give the jury such an instruction.

■■ ■ While attempted retail theft is a lesser included offense of retail theft, it is not error to refuse to give an instruction defining an included offense when the evidence indicates that the jury would only be justified in returning a verdict of guilty or not guilty to the crime charged. (*People v. Bembroy* (1972), 4 Ill. App. 3d 522, 281 N.E.2d 389.) It is not necessary for the defendant to remove merchandise from the store to commit retail theft; the crime is committed when the defendant knowingly takes possession of merchandise with the intent of permanently depriving the merchant of the item without paying its full retail value. Ill. Rev. Stat. 1985, ch. 38, par. 16A—3; see *People v. Mays* (1978), 62 Ill. App. 3d 17, 377 N.E.2d 1233.

In the instant case, Bonnell pleaded guilty to retail theft based on the same incident which led to the charge against the defendant. At the defendant's trial, however, Bonnell opined that she was not really guilty of the offense but had pleaded guilty only to avoid the risk of a longer sentence if she were convicted after a trial. Despite her denial of guilt, Bonnell admitted that when the defendant handed her the tapes, she immediately secreted them under her shirt. She based her opinion that she was not guilty on her alleged later act of removing the tapes from her shirt and placing them on a table before leaving the store.

■■ We find that even if the jury believed Bonnell's testimony that she did not leave the store with the tapes, it still could not find the defendant guilty of attempted retail theft. A guilty plea is not

merely a confession, but amounts to a conviction on the offense charged; it admits every material fact alleged in the indictment and all the elements of the crime with which the accused was legally charged. (*People v. Young* (1974), 25 Ill. App. 3d 629, 323 N.E.2d 788.) Accordingly, Bonnell's guilty plea admitted all the elements of retail theft, including intent.

While a defendant may explain a prior guilty plea which is introduced into evidence in a subsequent proceeding (see *People v. Powell* (1982), 107 Ill. App. 3d 418, 437 N.E.2d 1258), in the instant case Bonnell's explanation did not challenge her guilt. Bonnell's opinion that she was not guilty was based on her misconception that in order to commit retail theft one must take the stolen merchandise out of the store. Bonnell never denied that she had secreted the tapes under her shirt. That action alone provided sufficient grounds to support her guilty plea, which admitted the requisite intent.

Accordingly, since the evidence established that Bonnell had committed retail theft, the jury could only have found the defendant either guilty of retail theft on the accountability theory or not guilty of any crime. The trial court therefore properly refused to instruct the jury on the offense of attempted retail theft.

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.