THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID A. FISHER, Defendant-Appellant.

Third District   No. 3—87—0585

Opinion filed May 2, 1988.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Eric I. Blanc, State's Attorney, of Pekin (Nancy Rink Carter, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

Following a jury trial, the defendant, David A. Fisher, was found guilty of aggravated criminal sexual assault, a Class X felony. (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1).) The trial court sentenced Fisher to 10 years' imprisonment.

In bringing the instant appeal, Fisher first contends that the trial court erred in denying his motion *in limine*, thereby allowing the vic-

tim's mother and the attending emergency room nurse to testify as to inculpatory statements made to them by the victim, a 35-month-old female. Secondly, defendant contends that he was not proved guilty beyond a reasonable doubt given the sole evidence that the offense occurred came from the child's hearsay statements admitted through the testimony of the two adults, as the child was determined incompetent to testify. Lastly, Fisher contends that the prosecutor made statements in his closing argument of an inflammatory and prejudicial nature which appealed to the jury's prejudice and fears and which encouraged them to reach a verdict based on matters not in evidence. We affirm.

The evidence adduced at trial established that on March 31, 1987, Deborah Hamilton, the child's mother, left her daughter with her brother, David A. Fisher, for approximately two hours while she had a doctor's appointment. Fisher had begun babysitting for his niece in January 1987. Following her appointment, Hamilton returned to Fisher's house and visited with Fisher for about 20 minutes before taking her daughter home. During their visit the child was stated to have been acting normally.

Later that evening, between 6 and 6:30 p.m., the victim came out of her room with her clothes off and told her mother that she had wet her pants and that her "pee-pee" hurt. Following questioning by her mother, the child pointed to her vagina and clitoris and stated that her Uncle David had licked and smelled her vagina, and that her Uncle David had gotten a knife and stuck it in her vagina. The child made thrusting motions against the chair to show her mother what took place thereafter. Upon examination of the child's vaginal area, the mother noticed redness but did not see any cuts, abrasions or swelling. At trial the mother could not state with certainty whether the redness or physical condition observed that evening differed in marked degree from other occasions when the child had wet her pants, as she noticed redness also occurring on those occasions.

Following their conversation the mother took the child to the emergency room at Pekin Memorial Hospital, arriving at about 8 or 8:30 p.m. A physical examination of the child was performed, including an oral and vaginal smear and swab. The latter tests were examined by the State of Illinois Department of State Police and found to contain no seminal material or spermatoza. Emergency room nurse Cheryl Boo testified she was present during the physical examination and saw no redness, cutting or bruising of the vaginal area. Prior to conversing with the child, Boo stated she was told by Hamilton that she believed the victim had been sexually molested by her uncle. Boo

testified that the child, though reluctant to talk and exhibiting signs of hyperactivity, stated that her Uncle David had stuck a knife handle inside her vaginal area, that both her and her Uncle David's clothes were off at the time, and that her Uncle David had touched her with his "pee-pee."

Fisher testified on his own behalf and specifically denied undressing himself or his niece, licking her vagina, placing a knife handle in her vagina or having engaged in any other acts of a sexual nature with his niece. He further testified as to an occasion occurring a month or two prior to the incident on which the child had attacked him with a knife and said that she would kill him in response to his order that she finish her meal before she could have a popsicle.

In beginning his closing argument, the prosecutor addressed the jury, stating:

"Child abuse is one of the greatest problems in today's society and it is your responsibility as jurors in this case to determine how we should effectively deal with that problem. ***
Why is this the right case?"

No objection to this statement or the prosecutor's closing argument was raised at trial by the defense. Following deliberations, the jury returned a verdict of guilty and the court entered judgment thereon.

On August 27, 1987, a sentencing hearing was held and Fisher's post-trial motion seeking acquittal, or alternatively a new trial, was denied. Following consideration of the statutory mitigating and aggravating factors, the trial court sentenced Fisher to 10 years' imprisonment and he was given 136 days' credit for time served in the county jail while awaiting trial.

▮ Fisher's first issue is whether the trial court erred in allowing the 35-month-old child's hearsay statements to come before the jury through the testimony of the child's mother and the emergency room nurse. In denying Fisher's motion *in limine*, the trial court decided that the testimony of the child's mother and of the nurse was admissible under the "spontaneous declaration" or "excited utterance" exception to the hearsay rule considering the child was too young and, hence, incompetent to testify at trial.

It is well settled that for statements to be brought within the "spontaneous declaration" exception to the hearsay rule, three requirements must be met. First, there must be an occurrence sufficiently startling to produce spontaneous and unreflecting statements; secondly, there must be an absence of time to fabricate; and lastly, the statements must relate to the circumstances of the occurrence. (*People v. Poland* (1961), 22 Ill. 2d 175, 174 N.E.2d 804.) As this court

and others have noted, a trial court has considerable discretion in determining whether statements are admissible as "spontaneous declaration," and the trial court's decision will not be reversed absent abuse of that discretion. *People v. Phillips* (1987), 159 Ill. App. 3d 483, 511 N.E.2d 1193; *People v. Washington* (1984), 127 Ill. App. 3d 365, 468 N.E.2d 1285.

■ Fisher maintains there must be physical evidence of sexual misconduct in a case where the only evidence introduced by the State is testimony by an adult as to hearsay statements made by a child too young to testify, and specifically, that the occurrence must be corroborated or established by independent evidence. A child-abuse sexual-offense case does not require direct proof of the occurrence if facts are related by witnesses which are sufficient to establish circumstances consistent with the abuse having occurred. Circumstantial evidence is sufficient for a trier of fact to conclude that a shocking event such as child sexual abuse has occurred. *People v. Leonard* (1980), 83 Ill. 2d 411, 415 N.E.2d 358; *People v. Merideth* (1987), 152 Ill. App. 3d 304, 503 N.E.2d 1132.

■ The record reveals that the trier of fact was informed through the mother's testimony that she examined the child's vaginal area and observed redness after being told of the sexual abuse. We find that the mother's testimony as to the condition of her daughter's vaginal area following the child's disclosures to be sufficiently probative of the charge that the child was subjected to an occurrence of sexual abuse sufficiently startling to produce spontaneous and unreflecting statements.

■ ■ Fisher next maintains that the child's statements made some two to four hours after the alleged incident allowed ample time for fabrication. This court has recognized that the stress of a sexual assault upon a child of tender years will remain with the child long after it has occurred, as the child will tend to repress the incident and will not likely discuss such an incident with anyone but the mother; further, children of tender years produce declarations free of conscious fabrications as to stories of sexual abuse. (*People v. Bitler* (1986), 146 Ill. App. 3d 477, 497 N.E.2d 137; *In re Marriage of Theis* (1984), 121 Ill. App. 3d 1092, 460 N.E.2d 912; see also *People v. Chatman* (1982), 110 Ill. App. 3d 19, 441 N.E.2d 1292; *State v. Padilla* (Wis. App. 1982), 110 Wis. 2d 414, 329 N.W.2d 263.) We find the short intervention of time of two to four hours to be insufficient time for reflection and invention by a child of 35 months. We note additionally that the four- to six-hour intervention of time between the incident and the child's statements made to Nurse Boo would, with a

child of tender years, sufficiently meet the requirement of an absence of time to fabricate.

The final requirement of the "spontaneous declaration" exception to hearsay rule, that the statements must relate to the circumstances of the occurrence, is sufficiently met in the instant cause. The child's statements clearly related to acts of sexual abuse, *i.e.*, that her Uncle David inserted a knife in her vagina, that he licked and smelled her vaginal area, and upon Nurse Boo's questioning, both the victim and Fisher were naked at the time of the incident and that Fisher had touched her with his penis. No statements were introduced which did not relate to the occurrence of sexual activity or abuse.

Based on the foregoing, we hold that the child's statements were properly allowed by the trial court to come before the jury through the testimony of her mother and Nurse Boo. We find the statements were properly considered spontaneous declarations, having met the three factors necessary to come within this exception to the hearsay rule.

■ ■ The second issue presented for our review is whether Fisher was proved guilty of aggravated criminal sexual assault beyond a reasonable doubt as the only evidence that the offense occurred came from hearsay statements admitted through the testimony of the child's mother and Nurse Boo. Fisher maintains that the child's statements were conflicting in that the statements extracted from the child by Nurse Boo via "yes" or "no" questions produced elaboration on earlier statements made to the mother and additional information. Thus he concludes there was not a sufficient basis for a finding of guilt beyond a reasonable doubt.

A reviewing court will not substitute its judgment for that of the trier of fact on questions involving either the weight of the evidence or the credibility of the witnesses, unless the evidence is so improbable as to raise a reasonable doubt of guilt. (*People v. Manion* (1977), 67 Ill. 2d 564, 367 N.E.2d 1313.) A trier of fact is not required to search out possible explanations which are compatible with innocence and then elevate them to the status of reasonable doubt. (*People v. Huff* (1963), 29 Ill. 2d 315, 194 N.E.2d 230.) The record reveals that the testimony of the child's mother and Nurse Boo was sufficiently consistent to allow the jury to find that Fisher placed the handle of a knife in the vagina of his 35-month-old niece, along with other acts of sexual abuse; further, their testimony was properly presented to the jury under the spontaneous declaration exception to the hearsay rule and was subject to cross-examination.

We therefore find that the evidence presented was sufficient to

support the jury's finding that Fisher was guilty beyond a reasonable doubt of aggravated criminal sexual assault.

The final issue presented is Fisher's claim he was denied a fair trial because of comments made by the prosecutor which he contends were inflammatory and prejudicial. In closing argument to the jury, a prosecutor may properly address the problem of crime and the duty of jurors to fearlessly administer the law. (*People v. Bianchi* (1981), 96 Ill. App. 3d 113, 420 N.E.2d 1187; *People v. Jackson* (1981), 84 Ill. 2d 350, 418 N.E.2d 739.) Though this court recognizes the doctrine of "plain error" (*People v. Lurry* (1979), 77 Ill. App. 3d 108, 395 N.E.2d 1234), we find that the prosecutor's comments as noted above do not rise to a level of prejudice or inflammatory remark which could constitute plain error and which would require the granting of a new trial.

Based on the foregoing, we affirm the judgment of the circuit court of Tazewell County.

Affirmed.

HEIPLE and BARRY, JJ., concur.