THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUBEN CALVA, Defendant-Appellant.

First District (5th Division)   No. 1—91—2663

Opinion filed December 23, 1993.

Michael J. Pelletier and Debra R. Salinger, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee .Goldfarb, Christine Cook, and Linda J. Jakubs, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE GORDON delivered the opinion of the court:

Defendant, Ruben Calva, was charged with nine counts of aggravated criminal sexual assault, 12 counts of criminal sexual assault, and two counts of aggravated criminal sexual abuse as a result of sexual acts committed on January 5, 1987, against his girlfriend's six-year-old daughter, A.G. Defendant pleaded guilty in the circuit court of Cook County to six counts of aggravated criminal sexual assault. The remaining counts were nol-prossed. Defendant was sentenced to concurrent 40-year extended terms of imprisonment for each of the six convictions with three years' mandatory supervisory release. Defendant appeals three of the convictions and his sentence.

FACTS

Defendant was arrested on March 24, 1987, and charged with the offenses enumerated above. In September 1988, during conferences, the trial court indicated it would be amenable to an eight-year sentence if defendant would plead guilty. Defendant declined, indicating a desire to go to trial. In April 1989, immediately before jury selection was to begin, defendant expressed his desire to plead guilty to six of the aggravated criminal sexual assault counts, counts I, II, III, VII, VIII, and IX of the indictment. The State agreed to drop the remaining 17 counts upon defendant's guilty plea to the six counts. The court advised defendant that his plea must be blind, *i.e.*, no agreement as to sentencing existed, despite earlier discussions of possible sentences.

It should be noted that, although defendant understands some English, he is more comfortable with Spanish, the language of his native country of Mexico. The record reflects that the services of an interpreter were provided during all of the proceedings. The record also reflects that defendant's attorney spoke both English and Spanish.

The trial judge then read all six aggravated criminal sexual assault counts (counts I through III and VI through IX) in their entirety. In summary, count I alleged that defendant committed an act of sexual penetration consisting of contact between his penis and A.G.'s mouth by the use of force or threat of force and caused bodily harm by giving A.G. the sexually transmitted disease of chlamydia.

Counts II and III were identical to count I except that the contact in count II was between defendant's penis and A.G.'s vagina and the contact in count III was between defendant's penis and A.G.'s anus. Counts VII, VIII, and IX charged sexual penetration by contact between defendant's penis and A.G.'s mouth, vagina, and anus, respectively. Instead of charging bodily harm, counts VII, VIII, and IX stated that defendant was 17 or older and A.G. was under age 13.

Defendant pleaded guilty to all six counts. In presenting the factual basis for the plea, the prosecutor stated that, if called, the victim, A.G., would testify to the following facts: She was six years old on January 5, 1987, and she lived at that time with her mother, her brothers, and defendant, who was her mother's boyfriend. At 3 p.m. on that date, while her mother was at work, A.G. was watching television with defendant and her brothers. At that time, defendant rubbed his penis on her rectum and inserted his penis into her vagina and into her mouth. Defendant also pulled down her underpants and forced her to lick his penis.

The prosecutor also stated that, if Dr. Sharon Hart were called, she would testify that she examined A.G. on March 24, 1987, and that cultures taken from A.G.'s throat, vagina, and anus during that examination all tested positive for the presence of chlamydia, a sexually transmitted disease. Next, the prosecutor stated that if Assistant State's Attorney Susan Sussman were called, she would testify that she spoke with defendant through an interpreter on March 24, 1987, and reduced defendant's statements to writing. Officer Sarabia of the Chicago police department would testify that he translated the statement into Spanish for the defendant.

Defendant's signed statement of March 24, 1987, was then read into the record. According to that statement, defendant, A.G., and A.G.'s two brothers, aged seven and eight, were watching television at home at 3 p.m. on January 5, 1987. As they did so, A.G. touched defendant's penis with her hands and licked and kissed his penis. Defendant rubbed his penis on A.G.'s rectum, between her legs, and in her vagina, all in the presence of A.G.'s brothers.

The parties stipulated that defendant was age 27 at the time of the incident. Defendant, present during all of the prosecutor's statements, made no objection to any of the information offered. Defendant told the judge that he understood all of the charges and all that had been said.

The trial court, finding that defendant's guilty plea was voluntarily and knowingly made and that there was a factual basis, accepted the guilty plea as to counts I through III and counts VII through IX.

The court then proceeded to hear evidence in aggravation and

mitigation for sentencing. In aggravation, the State pointed out the necessity of deterring others from similar crimes and protecting children in our society and the position of trust or supervision held by defendant, who served as a baby-sitter to the victim and her brothers. The State requested an extended-term sentence based on the victim's age and on the transmission of chlamydia which it considered to be brutal and heinous. At that point, defendant's counsel objected, stating there had been no testimony that defendant had transmitted the disease to A.G. He stated that defendant had tested negative for the disease. Defendant conceded, however, that the test was administered more than $2^1/_2$ months after the incident and that the disease can be cleared up quickly by administering penicillin.

In mitigation, defense counsel stated that defendant was 27 years old, had no criminal record, and was an illegal alien who will be deported to Mexico after his release.

The trial judge, in imposing sentence, then stated that she found the crime heinous, "hateful, odious, wicked, infamous, gravely reprehensible," that only murder was more abhorrent. She cited defendant's position of trust with the victim. She told defendant that he had physically and psychologically injured and scarred A.G. for life. She then stated:

"So to heap insult upon reprehensible injury you have pled guilty to transmitting a sexual disease to this innocent, defenseless baby, to threatening her life, to threaten her in any case. To threaten her with physical harm, and taking all of these things into consideration the Court feels that definitely an extended term is advisable under these considerations."

The judge then cited the extended-term statute sections dealing with exceptionally brutal and heinous behavior indicative of wanton cruelty, victims under age 12, and victims under age 18. (See Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3.2(b)(2), (b)(4)(i), (b)(5), (c).) The judge then sentenced defendant to concurrent 40-year sentences followed by three years' mandatory supervisory release. Defendant's subsequent motion to vacate his guilty plea was denied after a hearing.

## OPINION

On appeal defendant makes the following contentions: (1) that three of the six counts must be vacated because there were only three acts of sexual penetration; (2) that there was no factual basis for the guilty plea as to counts I, II, and III; and (3) that the sentence imposed by the trial court should be reduced or the case remanded for resentencing by a different judge.

■ There is no dispute as to whether three of the six counts of aggravated criminal sexual assault to which defendant pleaded guilty must be vacated because the six counts are based on only three acts of sexual penetration. The State concedes that in the present case defendant committed three acts of aggravated criminal sexual assault and, therefore, only three convictions can stand. The other three convictions must be vacated.

The question is which three counts should stand and which three should be vacated. The rule in Illinois is that where only one conviction can stand, it should be the conviction for the most serious offense. (*People v. Hood* (1989), 191 Ill. App. 3d 129, 134, 547 N.E.2d 637.) Where the two convictions are for the same class of offense, one looks to whether one offense requires a more culpable mental state than the other. (See *People v. Hosty* (1986), 146 Ill. App. 3d 876, 886, 497 N.E.2d 334.) For example, in *People v. Hosty*, the first conviction was for murder based on intentional killing while the second conviction for murder was based on acting with the knowledge that the shooting created a strong probability of death. The reviewing court found that the first conviction which was based on intentional killing was the more serious crime because intentional killing involves a more culpable mental state than the knowledge of a strong probability of death. The court, therefore, affirmed the first conviction and vacated the second conviction. *Hosty*, 146 Ill. App. 3d at 886. Accord *Hood*, 191 Ill. App. 3d at 134. See also *People v. Bone* (1982), 103 Ill. App. 3d 1066, 1068, 432 N.E.2d 329 (vacating a felony murder conviction because it involved a less culpable mental state than the murder conviction based on intentional killing).

In the present case, the six aggravated criminal sexual assaults are all of the same classification and, aggravated criminal sexual assault being a general intent crime (*People v. Leonard* (1988), 171 Ill. App. 3d 380, 384, 526 N.E.2d 397, *cert. denied* (1989), 490 U.S. 1008, 104 L. Ed. 2d 162, 109 S. Ct. 1647), no differentiation exists as to the mental states required for the various possible elements of the offense. This situation occurred in *People v. Segara* (1989), 126 Ill. 2d 70, 533 N.E.2d 802, and in *People v. Bell* (1991), 217 Ill. App. 3d 985, 577 N.E.2d 1228. In both of those cases, as in the present case, all of the convictions were for aggravated criminal sexual assault. Both cases were remanded for determinations as to which of the counts should be retained. (*Segara*, 126 Ill. 2d at 78; *Bell*, 217 Ill. App. 3d at 985.) We, therefore, remand this case with instructions to determine which of the three counts should stand and to vacate the other three counts.

Since we make no determination regarding which three counts

must be vacated under the rule that there cannot be two convictions based on the same physical act, we deal next with defendant's contention that counts I, II, and III should be vacated because the State failed to establish a factual basis sufficient to support his guilty plea on those counts. Supreme Court Rule 402 prohibits a trial court from entering judgment on a guilty plea without a determination that there is a factual basis for the plea. (134 Ill. 2d R. 402(c).) Acceptance of a guilty plea must be in substantial compliance with Rule 402. (*People v. Barker* (1980), 83 Ill. 2d 319, 329, 415 N.E.2d 404, *cert. denied* (1981), 452 U.S. 964, 69 L. Ed. 2d 976, 101 S. Ct. 3116.) The standard of review is whether the trial court abused its discretion in determining that there was a factual basis for the plea. (See *Barker*, 83 Ill. 2d at 333, 415 N.E.2d at 410.) As noted earlier, counts I, II, and III charge that defendant committed acts of sexual penetration against A.G. by force or threat of force, causing bodily harm by giving her chlamydia, a sexually transmitted disease. Defendant contends there was no factual basis for the guilty plea on these three counts because the evidence presented to the trial judge did not establish the use of force, the threat of force, or defendant's transmission of chlamydia to the victim.

Regarding the question of force or threatened force, defendant points out that no evidence was offered showing that defendant used force against A.G. during the sexual acts and that the only evidence offered as to threat of force was that the victim would testify that, after the act was completed, defendant threatened to hit her if she told anyone about the incident. Since this threat occurred after the crime was committed, defendant claims it cannot be used to establish an element of the crime. We note, however, that because the victim was only six years old, it would not have been necessary to establish actual force or threat of force in this case. Several case have held that in such a situation the use of force is inherent in the act of sexual penetration by an adult. In *People v. Riley* (1967), 84 Ill. App. 2d 296, 228 N.E.2d 190, the supreme court wrote:

> "The girl was seven years old, much below the age of consent, and is conclusively presumed to be unable to legally consent to an act of carnal knowledge. [Citation.] A seven-year-old girl cannot be expected to understand the nature of the act, let alone possess the will to resist against a friend of her parents. Force is always present in an act of intercourse between a seven-year-old female, incapable of consenting or resisting, and a thirty-one-year-old male." (*Riley*, 84 Ill. App. 2d at 300.)

(See also *People v. Strait* (1983), 116 Ill. App. 3d 110, 113, 451 N.E.2d 631 ("Force is inherent in any act of intercourse with a six-year-old

girl").) In *In re CKM* (1985), 135 Ill. App. 3d 145, 481 N.E.2d 883, a juvenile was adjudicated delinquent for the attempted rape of a six-year-old girl who offered little or no resistance although there were other persons in the house at the time. The court stated, "If circumstances show resistance to be futile or life-endangering or if the victim is overcome by superior strength or fear, useless or foolhardy acts of resistance are not required." *In re CKM*, 135 Ill. App. 3d at 151, 481 N.E.2d at 888.

Although defendant cites to *People v. Vasquez*, (1992), 233 Ill. App. 3d 517, 599 N.E.2d 523, in which the court reversed a conviction for aggravated criminal sexual assault because there was no showing of force, we note that the victim in that case was a 13-year-old boy who sought no assistance when adults interrupted the act, did not try to escape when the opportunity arose, and, having had oral sex with the defendant on a prior occasion, suggested that they go alone to the location where the second sexual act took place. (*Vasquez*, 233 Ill. App. 3d at 527-28.) The facts in the present case are very different from those in *Vasquez*. Given that the victim here was only six years old and presumptively incapable of fully understanding or consenting to the act and that resistance would likely have been futile because defendant was undoubtedly of superior strength to the victim, force is implicit in the acts of sexual penetration in the present case.

■ Defendant also claims that there was no factual basis for his guilty plea as to counts I, II, and III because it was not established that he gave chlamydia to A.G. We note, first of all, that the quantum of evidence sufficient to establish a factual basis for a guilty plea is much less than the proof beyond a reasonable doubt which would be required at trial. (*People v. Hopson* (1981), 101 Ill. App. 3d 564, 571, 428 N.E.2d 680.) In fact, the proof need not even reach a preponderance of the evidence. (*In re Fields* (1977), 46 Ill. App. 3d 1028, 1033, 361 N.E.2d 666.) All that is required is that there be "reasonable grounds to conclude that defendant, with the requisite mental state, committed acts constituting the offense to which he pleads guilty." (*In re Fields*, 46 Ill. App. 3d at 1033.) The factual basis can be established by several means, including the State's summary of testimony and evidence which it would have presented at trial (*Hopson*, 101 Ill. App. 3d at 569-70) or defendant's own admissions. (*People v. Smith* (1983), 113 Ill. App. 3d 917, 924, 446 N.E.2d 876.) The trial court can accept a guilty plea where a factual basis exists, even where the defendant maintains he is innocent. *People v. Lundeen* (1975), 30 Ill. App. 3d 21, 22, 332 N.E.2d 731; *People v. Barker*, 83 Ill. 2d at 333.

In the present case, all counts of the indictment were read by the court in defendant's presence. Counts I, II, and III, which defendant

stated he understood, charged defendant with giving chlamydia to A.G. In addition, the prosecutor gave a summary of what A.G.'s doctor would have testified to, including that A.G. had chlamydia, a sexually transmitted disease, in the three points of contact charged in the indictment. The prosecutor also stated that A.G. would have testified to defendant's sexual penetration of her body in those three areas. Lastly, defendant's own statement was read into the record. That statement included defendant's admission of penetration in those three areas. All of this was presented to the trial court in defendant's presence. Defendant made no objection to any of the evidence presented, nor did he refute the evidence in any manner. Moreover, he indicated that he understood all that had been said, and he still wished to plead guilty. Based on this evidence, the trial court did not abuse its discretion in concluding that defendant had sexually penetrated A.G. in those three areas of her body by force and that, in doing so, defendant caused bodily harm to A.G. by giving her chlamydia. See *People v. Bennett* (1980), 82 Ill. App. 3d 596, 597-99, 403 N.E.2d 50 (factual basis established for guilty plea entered after court read indictment to defendant and he heard prosecutor's statement of evidence). Accord *Barker*, 83 Ill. 2d at 323.

This result is not altered by the fact that defendant later notified the court that he tested negative for chlamydia. The court was informed that the tests were performed $2^1/2$ months after the assaults and that chlamydia can be cured within a short period of time if massive doses of penicillin are administered. Defendant offered no evidence that he did not have chlamydia at the time of the assaults, nor did he make any claim that he did not have the disease. Considering the victim's tender age and the lack of evidence to the contrary, it would not be unreasonable to conclude that the victim had sexual contact with no one other than defendant, and, therefore, she must have contracted her sexually transmitted disease from him. This conclusion is reasonable, particularly in light of defendant's desire to plead guilty after acknowledgment that he understood the indictment which charged him with giving chlamydia to A.G.

We turn next to defendant's contention that his sentence should be reduced. In support of this contention, defendant claims that (1) the trial court improperly considered the victim's age and the transmission of chlamydia in aggravation and as the bases for an extended term when those factors were already included as elements of the offense of aggravated criminal sexual assault; (2) the trial court relied on inaccurate information at sentencing; and (3) the trial court abused its discretion because the sentence is excessive compared to sentences imposed in cases with similar circumstances or even more egregious circumstances.

While the threshold elements of the offenses committed by defendant are gravely serious in nature and deserving of strong punishment, those elements were considered by the legislature in setting the permissible range of penalties for the crime. (See *People v. White* (1986), 114 Ill. 2d 61, 66, 499 N.E.2d 467 (age of victim considered in setting statutory range of penalties for aggravated battery of a child).) Factors which constitute elements of the crime charged generally cannot be used in aggravation to impose a more severe sentence or to impose an extended sentence. *(People v. Edwards* (1992), 224 Ill. App. 3d 1017, 1033, 586 N.E.2d 1326 (fact that victim was under age 12 could not be used to increase sentence where the victim's age was an element of the aggravated criminal sexual assault); *People v. Embry* (1989), 179 Ill. App. 3d 1059, 1061, 535 N.E.2d 87 (fact that victim was over age 60 could not serve as basis for extended term where victim's age was element of aggravated criminal sexual assault).) In the present case we note that, over and above the elements of the offenses, the aggravating factors are relatively few.

■ We first discuss the permissible factors in aggravation in relation to the convictions arising from counts I, II, and III. Counts I, II, and III of the indictment are based on subsection (a) of the aggravated criminal sexual assault statute. (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(a).) Under that provision the offense is committed where defendant commits a criminal sexual assault and one of the aggravating circumstances listed in the statute exists during the commission of the offense. (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(a).) The criminal sexual assault committed was an act of sexual penetration by the use of force or threat of force. (See Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(1).) The aggravating circumstance which elevated the offense to aggravated criminal sexual assault was the causation of bodily harm to the victim. (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(a)(2).) In this case, the bodily harm was the sexually transmitted disease. (See Ill. Rev. Stat. 1989, ch. 38, par. 12—12(b) (defining "bodily harm" to include sexually transmitted diseases).) Therefore, if the conviction for count I, II, or III is retained, the court cannot use the fact that the victim contracted chlamydia as a factor in aggravation for a more severe sentence within the statutory range or as a basis for an extended term because that form of bodily harm is included in the charges for those counts.

There are, however, some factors which can be considered in aggravation as reasons to impose a more severe sentence for the convictions under counts I, II, and III, within the statutory range of 6 to 30 years established under section 5—8—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1).

First, the trial judge can determine that a more severe sentence is necessary to deter others from committing the same crime. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(a)(7).) Given the abhorrent nature of the crime of aggravated criminal sexual assault and society's interest in protecting children from such acts, the need for deterrence would be an appropriate factor in aggravation. See *People v. Burton* (1981), 102 Ill. App. 3d 148, 155, 429 N.E.2d 543 (proper to consider need for deterrence in case of sexual assault of a child).

Secondly, the fact that defendant held a position of trust and responsibility in relation to the victim, who is under age 18, can be considered in aggravation. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(a)(13).) Here, defendant and the victim lived in the same home and, while defendant probably held a position of trust similar to a parent, at the very least he was in a position of trust and responsibility as baby-sitter to the victim, since she and her brothers had been left in defendant's care while their mother was at work.

The judge also stated that defendant's conduct scarred the victim for life, both physically and psychologically. While it is permissible to consider as a factor in aggravation that defendant's conduct caused or threatened serious harm, we note that there was no evidence presented which indicated that A.G. suffered any physical harm as a result of the sexual assault, aside from the chlamydia, which we have already established was an element of the offense under these three counts. While it is appropriate to consider the degree of physical harm even though bodily harm is inherent in the offense (*People v. Bone* (1982), 103 Ill. App. 3d 1066, 1070, 432 N.E.2d 329), we note that no evidence was presented that A.G. suffered any permanent or even serious harm from the chlamydia beyond the immediate bodily harm required to establish that element of the offense. In fact, the judge was advised that chlamydia could be cured quickly and easily by penicillin. Nor was any evidence presented that defendant's conduct in threatening to hit A.G. if she told anyone could have resulted in serious harm from the chlamydia by preventing her from obtaining immediate treatment.

As for psychological harm, cases have held that it can be inferred that a child who is the victim of sexual assault has sustained psychological damage. (*Burton*, 102 Ill. App. 3d at 154.) However, no evidence was offered to show any psychological harm to A.G. Therefore, it would seem that the degree of any psychological harm used in aggravation would be minimal, as it would be limited to the degree of harm inherent in any aggravated sexual assault of a child.

We also note that, since the victim's age is not an element of the offense in count I, II, or III, it would be appropriate for the trial

judge to consider the victim's age in sentencing. (See *Edwards*, 224 Ill. App. 3d at 1033.) The fact that A.G. was only six years old at the time of the offenses is significant in considering the seriousness of the crime and its impact on the victim. See Ill. Rev. Stat. 1989, ch. 38, par. 1005—3—2(a)(3) (impact on victim proper matter for presentence report).

Defendant claims that the judge also considered in aggravation that he threatened to kill A.G. if she told anyone what he had done. Defendant correctly states that the record does not indicate any such threat was made and, therefore, it would have been improper for the trial judge to consider such a threat of serious harm in aggravation. We note, however, that although the judge referred to this threat, she immediately added "to threaten her in any case. To threaten her with physical harm." In so stating, she may have been correcting her statement that defendant had threatened A.G.'s life. Thus, it is unclear whether the trial judge considered this in aggravation.

In mitigation, defendant has no history of prior criminal activity. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.1(a)(7).) It is also appropriate to grant leniency to a defendant who, by pleading guilty, acknowledges his guilt and assumes responsibility for his acts. (*People v. Foster* (1990), 199 Ill. App. 3d 372, 393, 556 N.E.2d 1289.) In addition, the trial judge may also consider defendant's age and his educational background. (See *People v. Harris* (1989), 187 Ill. App. 3d 832, 844, 543 N.E.2d 859.) Defendant was only 27 at the time of sentencing and had been forced to leave school in the fifth grade because of the death of his parents. Furthermore, we note that there was no force or violence used beyond the minimal amount inherent in the commission of the crime itself.

█ We next consider the factors to be considered in aggravation in sentencing for the convictions under counts VII, VIII and IX of the indictment. Those counts are based on subsection (b) of the aggravated criminal sexual assault statute (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(b).) Under that subsection, the offense of aggravated criminal sexual assault is committed where a defendant age 17 or older commits an act of sexual penetration with a victim who is under the age of 13. (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(b).) Thus, where counts VII, VIII, and IX are concerned, the victim's age constitutes an element of the offense which cannot be used in aggravation to provide for a more severe sentence within the statutory range or as a basis for an extended term. See *People v. Ferguson* (1989), 132 Ill. 2d 86, 98, 547 N.E.2d 429 (where age of victim is element of offense, consideration of age in aggravation amounts to double enhancement).

In assessing factors in aggravation for the convictions based on

counts VII, VIII, and IX, we can again consider, as we did above, the necessity to deter others from committing the same crime. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2 (a)(7).) We can also consider that defendant was in a position of trust and responsibility in relation to the victim, who is under 18. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(a)(13).) Although the victim's age is an element of the offense in these three counts and this aggravating factor is based in part on age, that the defendant held a position of trust is not essential to the commission of the offense. Therefore, the defendant's position of trust and responsibility as A.G.'s baby-sitter can be considered as a factor in aggravation.

As for psychological harm, we note that the victim's age is an element of the offense and no evidence was presented that A.G. suffered any psychological harm beyond the harm implicit in any sexual assault against a child. Therefore, it would seem that psychological harm to A.G. cannot be considered in aggravation under count VII, VIII, or IX. See *People v. Conover* (1981), 84 Ill. 2d 400, 405, 419 N.E.2d 906 (because receipt of proceeds is implicit in almost all burglaries, it cannot be used as a factor in aggravation).

Lastly, because the transmission of chlamydia is not an element of the offense for counts VII, VIII, and IX, we can consider in aggravation that defendant's conduct caused or threatened serious harm to the victim by the transmission of chlamydia. In this context, we note that defendant's counsel stated at sentencing that defendant tested negative for the existence of chlamydia. However, the test was admittedly performed $2^{1}/_{2}$ months after the offense was committed, enough time having passed in the interim to allow for treatment and cure. Since A.G. was only six years old, it would be reasonable for the trial court to infer that her only sexual contact was with defendant. Since the evidence showed that A.G. had, in fact, contracted chlamydia and that chlamydia is a sexually transmitted disease, it can also be inferred that defendant transmitted the disease to A.G. Furthermore, defendant entered a plea of guilty to counts I, II, and III which alleged that he gave chlamydia to A.G. A guilty plea "admits every material fact alleged in the indictment and all the elements of the crime with which the accused was legally charged." (*People v. Caplinger* (1987), 162 Ill. App. 3d 74, 80, 514 N.E.2d 1221.) We note, however, that no testimony was offered to establish that the defendant knew, or should have known by the presence of symptoms, that he had the disease at the time he committed the offense. Moreover, although the chlamydia can be considered in aggravation under these three counts, its impact is minimal since, as discussed above, no evidence was presented that the harm caused by the chlamydia was lasting or severe.

■ Looking at all the factors in aggravation which can be collated here, the sentence imposed by the trial court is significantly longer than any reported sentence which was brought to our attention for similar conduct or even for conduct including some additional factors in aggravation. We know of no case which has upheld an extended sentence of 40 years under similar circumstances. There is only one case, *People v. Landis* (1992), 229 Ill. App. 3d 128, 593 N.E.2d 893, which upholds the statutory maximum of 30 years for aggravated criminal sexual assault. However, we note that in the *Landis* case, the victim contracted gonorrhea and the defendant had a prior criminal history which is totally absent in this case. Therefore, we suggest that even the statutory maximum of 30 years may in this case be excessive, but certainly in order to get to that maximum the court would have to consider as aggravating factors the same factors upon which it seeks to predicate its extended sentence of 40 years. See *Harris*, 187 Ill. App. 3d at 845-46 (25-year sentence for aggravated criminal sexual assault of a child reduced where it did not comport with sentences in several similar cases); *People v. Crews* (1969), 42 Ill. 2d 60, 244 N.E.2d 593 (sentence for murder of two-year-old daughter reduced to not less than 20 years nor more than 35 years); *People v. Watson* (1989), 178 Ill. App. 3d 796, 533 N.E.2d 1011 (eight years for aggravated criminal sexual assault of six-year-old stepdaughter resulting in vaginal infection); *People v. Fisher* (1988), 169 Ill. App. 3d 785, 523 N.E.2d 368 (10 years for aggravated criminal sexual assault of defendant's 35-month-old niece where defendant inserted a knife into her vagina); *People v. Hopkins* (1992), 247 Ill. App. 3d 951, 965, 618 N.E.2d 279 (sentence reduced to 40 years for murder where defendant sexually assaulted victim, beat her and then threw her from a window).

The cases of *People v. Reid* (1987), 160 Ill. App. 3d 491, 513 N.E.2d 517, and *People v. Landis* (1992), 229 Ill. App. 3d 128, 593 N.E.2d 893, are factually similar to the present case. In neither was the sentence as severe as here. In *Reid* the defendant sexually assaulted the six-year-old daughter of his girlfriend with whom he lived. The assault occurred in the presence of the victim's four-year-old sister and resulted in transmission of chlamydia to the victim. (*Reid*, 160 Ill. App. 3d at 492.) Unlike the present case, the defendant had a prior criminal record. (*Reid*, 160 Ill. App. 3d at 493.) The reviewing court upheld a 20-year sentence. As previously noted, in *Landis*, the reviewing court affirmed a sentence of 30 years for aggravated criminal sexual assault of a five year old by her mother's boyfriend, resulting in the child contracting gonorrhea. (*Landis*, 229 Ill. App. 3d at 130.) As in *Reid*, the defendant in *Landis* had a prior criminal record. *Landis*, 229 Ill. App. 3d at 137.

Although the State cites two cases with greater sentences, those cases are distinguishable in that they involved an abduction in one case and use of a weapon or extreme violence, or threat of extreme violence, to obtain the victim's cooperation during the commission of the act. (See *People v. Jimenez* (1989), 191 Ill. App. 3d 13, 547 N.E.2d 616 (60-year sentence for aggravated criminal sexual assault in which victim was abducted, pushed onto floor of vehicle, and threatened that her eyes would be poked out or her head smashed); *People v. Combs* (1990), 206 Ill. App. 3d 217, 563 N.E.2d 798 (55 years for rapes at knifepoint and at gunpoint during home invasion).

Based on our analysis of the factors in aggravation and mitigation and our comparison of the concurrent sentences imposed here with sentences in analogous cases, we conclude that, although the crimes committed by defendant are very serious in nature and warrant strong punishment, the extended 40-year concurrent sentences imposed in this case for each count are excessive and must, therefore, be reversed. We also urge the trial court upon resentencing to reconsider the appropriateness of the unenhanced statutory maximum of 30 years which it imposed prior to enhancement, in light of our analysis of the interplay here of the various factors in aggravation and mitigation which bear on the appropriateness of the sentence. However, we do not mandate that the unenhanced maximum be reduced.

Defendant's last contention is that the case should be remanded for resentencing by a different judge because the trial judge apparently had difficulty with sex offenses against children, causing her to apply her own policy of punishing such offenders more harshly. Defendant cites to *People v. Zemke* (1987), 159 Ill. App. 3d 624, 512 N.E.2d 374, and *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168, for support. However, those cases are inapposite.

In *Zemke*, the defendant was sentenced to seven years' imprisonment for aggravated criminal sexual abuse of two brothers, ages 10 and 14. (*Zemke*, 159 Ill. App. 3d at 625-26.) The trial judge told the defendant that he could not think of a worse crime than aggravated sexual abuse, that such a crime was worse than murder. He also told the defendant that his act was worse than that of an animal. (*Zemke*, 159 Ill. App. 3d at 627.) The reviewing court remanded the case for resentencing by a different judge because it was apparent that the judge who had set the sentence would not have considered any sentence less than the maximum because he considered such offenses more reprehensible than murder. (*Zemke*, 159 Ill. App. 3d at 628-30.) Similarly, in *Bolyard*, the trial judge applied his own sentencing policy that any request for probation where the crime involved sexual

violence would result in an increased sentence. *Bolyard*, 61 Ill. 2d at 585.

■ The record shows no indication that the trial judge applied her own policy in sentencing defendant. She commented that she found the crime heinous and could not think of a crime other than murder more abhorrent than violating a defenseless child who looked to defendant for protection. However, similar remarks have been held not to be improper. (See, *e.g.*, *People v. Alexander* (1984), 127 Ill. App. 3d 1007, 1018, 470 N.E.2d 1071 *cert. denied* (1985), 471 U.S. 1019, 85 L. Ed. 2d 308, 105 S. Ct. 2027 (sentence upheld where trial judge stated he could think of nothing other than the taking of a life which was worse than a sexual assault of a child).) By expressing her legitimate disdain for the crime committed, the trial judge was not exercising her own personal sentencing policy. Furthermore, we note that she cited to each portion of the sentencing statute on which she relied. We, therefore, find there is no merit to defendant's contention that the trial judge could not be impartial because of the nature of the offense. There is no basis for requiring a different judge to resentence defendant on remand.

For the foregoing reasons, this case is remanded to the trial court with instructions to vacate three of the aggravated criminal sexual assault convictions and the sentences based on those convictions and to resentence defendant on the remaining three convictions in accordance with this opinion.

Remanded.

McNULTY and COUSINS, JJ., concur.